JOHN BANNER v. CAROLINA BUTTON CORPORATION.

(Filed 18 March, 1936.)

1. **Process B c—Facts found held to support judgment denying motion to vacate service by attachment and publication.**

Plaintiff instituted suit against defendant, a domestic corporation, and, upon return of summons not served, attached a judgment owing defendant and obtained an order restraining defendant from issuing execution on the judgment. Defendant entered a special appearance and moved to vacate the proceedings. The court found summons had been issued in the county in which the action was instituted and in the county to which defendant had moved, and that both of them had been returned "Defendant not to be found," that plaintiff had filed affidavit that defendant had removed its property from the State with intent to hinder, delay, and defraud creditors, that so far as appeared from the evidence, defendant had no other property out of which plaintiff's claim might be satisfied, in whole or in part, defendant having removed all other property from the State, and that plaintiff has a *bona fide* claim against defendant as provided by C. S., 798. *Held:* The findings support the court's judgment denying the motion to vacate the proceedings, and continuing the order restraining execution on the judgment by defendant to the hearing.

2. **Appeal and Error J f—Judgment continuing restraining order will ordinarily be affirmed when sustained by findings supported by evidence.**

Where the findings of fact in injunctive proceedings are sufficient to sustain the judgment and are supported by evidence, the judgment will ordinarily be affirmed, although the Supreme Court has the power to review the evidence, and the evidence on the determinative facts is conflicting.

3. **Injunctions D b—**

Ordinarily, a restraining order will be continued to the final hearing where no harm can come to the defendant by such continuance and where injury might result to plaintiff from a dissolution thereof.

APPEAL by the defendant from *Rousseau, J.,* at October Term, 1935, of SURRY. Affirmed.

*Folger & Folger for plaintiff, appellee.*
*Walter G. Green, Jr., for defendant, appellant.*

SCHENCK, J. This is an action instituted by the plaintiff to recover damages in the sum of $550.00 for the wrongful conversion of personal property and for injury to real and personal property in consequence of the wrongful detachment and removal by the defendant of lighting fixtures and wiring, plumbing and toilet fixtures, locks, and other property from the building of the plaintiff in Mount Airy, North Carolina, to the State of Virginia, and wherein the plaintiff alleges that the defendant is a domestic corporation and "has removed all of its property from the State of North Carolina with the intent to hinder, delay, and defraud the creditors of the defendant." The relief prayed is for the recovery of $550.00, and "that a warrant of attachment issue against the property of the defendant if any should be found within the State of North Carolina." Upon the summons having been returned endorsed "after diligent search and inquiry, Carolina Button Corporation not to be found in my county," the clerk of the Superior Court of Surry County issued a warrant to the sheriff of said county commanding him to forthwith attach and safely keep all the property of the defendant found in his county. Subsequently, plaintiff filed a supplemental affidavit to the effect that the defendant had within the State of North Carolina a judgment against the Mount Airy Knitting Company in the sum of $228.85, duly recorded in the office of the clerk of the Superior Court of Surry County, whereupon the clerk of the Superior Court issued summons in garnishment to the Mount Airy Knitting Company to be at his office and answer on oath what it owed to the defendant, the Carolina Button Corporation, and pursuant to said summons the said knitting company filed answer and admitted it was indebted to the button corporation in the sum of $228.85 as appears by judgment duly docketed in Surry County.

By virtue of the warrant of attachment issued to him the sheriff of Surry County levied upon the judgment docketed in the office of the clerk of the Superior Court in favor of the Carolina Button Corporation against Mount Airy Knitting Company.

Two days after the levy upon the aforesaid judgment by virtue of the warrant of attachment the plaintiff made application to the judge regularly holding the courts of the Eleventh District for an order restraining and enjoining the Carolina Button Corporation and the sheriff of Surry County from proceeding with the levy and sale of any of the prop-

erty of the Mount Airy Knitting Company under the judgment of the Carolina Button Company, and filed affidavit to the effect that the Carolina Button Company had removed from the State all of its property, except this judgment, and had had execution on this judgment placed in the hands of the sheriff, and that if the said Carolina Button Company was permitted to collect this judgment through execution the plaintiff's attachment against said judgment would fail and become ineffective, and the plaintiff would not be able to realize upon any judgment that he may secure against the Carolina Button Company. Upon this application and affidavit, the judge of the Superior Court issued a temporary restraining order and notice to the Carolina Button Company to show cause why the same should not be continued till the hearing.

Upon affidavit of the plaintiff to the effect that the summons had been returned endorsed diligent search and inquiry made and defendant not to be found in Surry County, and that the defendant after due diligence could not be found in the State, and that personal service could not be made thereupon, the clerk of the Superior Court ordered that service of summons be made by publication in the *Mount Airy News* as by law provided.

After several continuances, the case came on to be heard before Judge Rousseau, holding the courts of the Eleventh District, upon a supplemental and cumulative affidavit by the plaintiff and upon an affidavit by Walter G. Green, J., filed by the defendant under a special appearance. The defendant, still under special appearance, moved to vacate and set aside the attachment and the proceedings in this cause. The affidavit of Green is to the effect that he, Green, was a director of the Carolina Button Corporation, which is a domestic corporation, and formerly had its principal office in Mount Airy, North Carolina, and subsequently moved said office to Winston-Salem, N. C., and now has its office in the latter city; and that the defendant has not attempted to hinder, delay, or defraud its creditors, but, on the contrary, has tried to discharge its obligations; and that the property which the plaintiff had attached was subject to liens in favor of the United States for taxes amounting to approximately $1,300; and that this action, in affiant's opinion, was commenced at the connivance of the stockholders of the Mount Airy Knitting Company to thwart the defendant in collecting its judgment against said knitting company. Judge Rousseau entered the following judgment:

"This cause coming on to be heard before his Honor, J. A. Rousseau, judge holding the courts of the 11th Judicial District, and being heard at Dobson, N. C., the county-seat of Surry County, the court finds as a fact:

"1. That this action was duly begun in the Superior Court of Surry County, summons issued and returned; that the defendant is not to be

found in Surry County; that affidavit was duly made that the defendant cannot after due diligence be found in the State of North Carolina.

"2. That the plaintiff has made affidavit that the defendant Carolina Button Corporation has removed its property from the State of North Carolina, and that said property was removed and was removed with the intent to hinder, delay, and defraud the creditors of the said defendant.

"3. That process was issued to the sheriff of Forsyth County and returned unserved with the notation made by the sheriff of Forsyth County that no officer of the said corporation was to be found upon whom process could be served; and that no certificate of the corporation or the Secretary of State was filed in the clerk's office setting forth that Winston-Salem was the principal office of said corporation.

"4. That said defendant has no property within the State of North Carolina, having removed all other property therefrom so far as evidence appears to the court, out of which the plaintiff's claim may be satisfied in whole or in part, and that all other property has been removed from the State.

"5. That the plaintiff has a *bona fide* claim against the defendant as provided in section 798 of the North Carolina Code for $550.00, as set forth in the plaintiff's complaint.

"It is now therefore ordered and adjudged that the motion to vacate and set aside the attachment and the proceedings in this cause made by the defendant be and the same are denied and this cause is retained to be heard upon its merits in the Superior Court of Surry County. The defendant is allowed 45 days from this date to file answer to the complaint of the plaintiff if it be so advised. That the restraining order be continued to be heard upon its merits."

Although it was conflicting, there was sufficient evidence to support all the findings of fact by the court, and the findings of fact sustain the judgment. Under these circumstances, and in view of the fact that the plaintiff has given a sufficient bond to save the defendant harmless, the judgment will not be disturbed, notwithstanding this Court may have the power to review the findings of fact in injunctive proceedings. *Wentz v. Land Co.,* 193 N. C., 32; *Cahoon v. Comrs. of Hyde,* 207 N. C., 48. It is the general practice in this jurisdiction to continue a temporary restraining order to the final hearing where no harm can come to the defendant by such a continuance and where injury might result to the plaintiff from a dissolution thereof. *Boushiar v. Willis,* 207 N. C., 511, and cases there cited.

Affirmed.