JOHN HUTCHINS v. CORNELIA C. STANTON, C. P. COBLE, ROSS COBLE, MRS. S. G. COBLE

No. 7415DC653

(Filed 6 November 1974)

Injunctions § 7— erection of boundary fence — temporary injunction — ancillary nature

In an action by lessee seeking a temporary restraining order to prevent adjacent property owners from interfering with the erection and maintenance of a replacement boundary fence on the leased property, the trial court erred in granting the temporary injunction, since it could not be made ancillary to either a processioning proceeding to be brought in the future by a person not a party to the action or to a continuance of this action for a permanent injunction when a permanent injunction was beyond the scope of the pleadings.

APPEAL by defendants from *Paschal, Judge,* 15 April 1974 Session of District Court held in ALAMANCE County. Heard in the Court of Appeals 18 September 1974.

Plaintiff brought this action 5 April 1974 seeking a temporary restraining order and "such other and further relief as the Court may deem proper" to prevent defendants from interfering with the erection and maintenance of a replacement boundary fence on property leased to the plaintiff by its owner, Hal N. Wood. In his complaint plaintiff maintained that a new fence was needed on the existing fence line of the property to enable him properly to use the leased property for grazing cattle but that defendants, adjacent property owners, had ordered agents of the plaintiff to desist from erecting the new fence and had threatened to remove any structures erected by them. Based on these facts the trial judge immediately granted a temporary restraining order ex parte pending a hearing on the matter on 23 April 1974.

After receiving notice from defendants that they would move to vacate the restraining order as being improvidently granted, plaintiff amended his complaint to allege that he would "be caused immediate and irreputable (sic) injury, loss or dam-

age before notice could be served and a hearing held thereon if a temporary restraining order is not granted allowing him to erect the fence upon the existing fence line and further allowing him to graze his cattle on the pasture land encompassed within the fence line." The court also was requested to set an appropriate amount of security to be posted by the plaintiff for the payment of such costs and damages as might be incurred or suffered by any party found to be wrongfully enjoined or restrained. Plaintiff stated in the amended complaint that $200 already had been deposited with the Clerk of Superior Court for this purpose. An order setting a date for a hearing to determine whether a preliminary injunction should be issued was the final relief sought by the plaintiff.

Based upon the complaint as amended, the trial judge concluded that the plaintiff would suffer "irreputable (sic) injury, loss or damage" unless the fence was erected immediately and granted a second temporary restraining order ex parte. The order further required a $200 bond be posted by the plaintiff as requested and stated that a hearing on the plaintiff's motion for a preliminary injunction would be held 17 April 1974.

On 18 April 1974 defendants filed an answer to the plaintiff's amended complaint. In their answer defendants noted they owned various tracts of land adjoining the lands owned by Hal Wood [leased to plaintiff], that a dispute long had existed as to the correct boundary line between their properties and the leased property and that they opposed the erection of a new boundary fence on the disputed boundary line. In opposition to the granting of plaintiff's request for a temporary restraining order and preliminary injunction they maintained: (1) that the plaintiff's complaint did not state a claim upon which relief can be granted since the complaint asked for no final judgment and there is no such thing as an action for a temporary injunction; (2) that the complaint did not state facts sufficient to justify a temporary injunction even if final judgment had been sought for that (a) this is a boundary dispute and injunctive relief is not to be used for awarding possession of disputed property, (b) temporary injunction would be relief as broad as ejectment, (c) plaintiff not attempting to preserve status quo but attempting to erect a fence not previously in existence, and (d) no facts alleged showing irreparable injury; (3) that plaintiff in seeking to erect a new fence was trespassing upon property of the defendants; and (4) that Hal N. Wood, the true owner of the

property, rather than the plaintiff, was the real party in interest in this action.

On the basis of these pleadings as affidavits and oral arguments of counsel, the trial judge made detailed findings of fact and concluded as a matter of law that the plaintiff was entitled to the relief demanded and that a preliminary injunction should issue. Defendants were ordered to cease and desist from interfering with the plaintiff's use and enjoyment of the leasehold estate and not to remove or cause to be damaged or destroyed any of the fencing or posts erected prior to the hearing. Plaintiff was ordered not to erect any further fencing or posts along the existing fence line nor use any portion of the leasehold estate in dispute. It was stated that the order would continue in full force and effect until the conclusion of a "processing action" between the defendants and Hal N. Wood, the true owner of the property, to determine the correct boundary between their respective properties or until a hearing on a permanent injunction, whichever was sooner. Defendants appealed.

*Frederick J. Sternberg for plaintiff appellee.*

*Dalton and Long, by W. R. Dalton, Jr., for defendant appellants.*

MORRIS, Judge.

Defendants except to several of the trial judge's findings of fact and conclusions of law and contend that entry of the order appealed from constitutes error. We find merit in these contentions.

There is absolutely no evidence in the record to support some of the findings of the trial judge. Moreover even without reference to the findings of fact made by the trial judge, the order entered must be vacated.

"The primary purpose of a temporary restraining order is usually to meet an emergency when it appears that any delay would materially affect the rights of a plaintiff." *Register v. Griffin,* 6 N.C. App. 572, 575, 170 S.E. 2d 520 (1969). It is only an ancillary remedy for the purpose of preserving the status quo or restoring a status wrongfully disturbed pending the final determination of the action. *R. R. v. R. R.,* 237 N.C. 88, 74 S.E. 2d 430 (1952), and cases cited. It is not a cause of action or a lawsuit in and of itself. *Lynch v. Snepp,* 350 F. Supp.

---
---

1134, 1140 (W.D.N.C. 1972), rev'd on other grounds, 472 F. 2d 769 (4th Cir. 1973). The assumption is that a plaintiff seeking a temporary restraining order or a preliminary injunction eventually wants permanent relief. North Carolina practice and procedure contemplates that an application for a temporary restraining order will be followed very quickly by notice to the defendant and a hearing on the preliminary injunction motion. After this, it is contemplated that the case finally will be resolved after a full scale hearing. Yet in this case there is no prayer for final relief. Plaintiff's complaint, even as amended, only seeks interim relief. He apparently expects this action to end when the temporary injunction is granted. As we have noted, there has to be an action pending to which the temporary injunction can be ancillary. No such action exists here, and for this reason, among others, we find it was error to enter the order appealed from. The temporary injunction granted in this case cannot be made ancillary to either a processioning proceeding to be brought in the future by a person not a party to this action or a continuance of this action for a permanent injunction when, as here, it is beyond the scope of the pleadings. Both the temporary restraining order and the order granting plaintiff a temporary injunction are vacated.

It appears that defendants by answer moved for dismissal of the action. This motion apparently has not been considered by the court. The matter is remanded for the court's consideration of this motion and entry of an order thereon.

Orders are vacated and the matter remanded.

Chief Judge BROCK and Judge MARTIN concur.