A. E. P. INDUSTRIES, INC. v. R. BRUCE McCLURE

No. 8226SC144

(Filed 6 July 1982)

**Injunctions § 13.1— denial of preliminary injunction—failure to show irreparable harm**

    The trial court did not abuse its discretion in the denial of a preliminary injunction to restrain defendant, pending trial, from continued breach of covenants not to compete and not to use or disclose confidential information on the ground that plaintiff failed to show that it was threatened with irreparable harm if the injunction were not issued pending trial.

    Judge WEBB dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Opinion and order filed 2 December 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 May 1982.

Plaintiff brought suit alleging, *inter alia,* that defendant breached covenants not to compete and not to use or disclose confidential information. Plaintiff moved for a preliminary injunction to restrain defendant, pending trial of the action, from continued breach of the covenants.

From a denial of this motion, plaintiff appeals.

*Bell, Seltzer, Park & Gibson, by James D. Myers and Ronald T. Lindsay, for plaintiff appellant.*

*Elam, Seaford, McGinnis & Stroud, by Keith M. Stroud, for defendant appellee.*

WHICHARD, Judge.

Plaintiff contends it is entitled to a preliminary injunction as a matter of law. We disagree.

A preliminary injunction may be issued by order . . .:

> (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and this relief, or any part thereof, consists in restraining the commission or continuance of some act the commission or continuance of which, during the litigation, would produce injury to the plaintiff. . . .

G.S. 1-485 (Cum. Supp. 1981). The injury threatened to plaintiff must be irreparable, real and immediate. *Telephone Co. v. Plastics, Inc.*, 287 N.C. 232, 235, 214 S.E. 2d 49, 51 (1975). An injunction ordinarily will not be granted where there is an adequate legal remedy "which is as practical and efficient as is the equitable remedy." *Durham v. Public Service Co.*, 257 N.C. 546, 557, 126 S.E. 2d 315, 323 (1962).

> Ordinarily a temporary injunction will be granted pending trial on the merits, (1) if there is probable cause for supposing that plaintiff will be able to sustain [its] primary equity, and (2) if there is reasonable apprehension of irreparable loss unless injunctive relief be granted, or if in the court's opinion it appears reasonably necessary to protect plaintiff's right until the controversy between [it] and defendant can be determined.

*Conference v. Creech and Teasley v. Creech and Miles*, 256 N.C. 128, 139, 123 S.E. 2d 619, 626 (1962).

It lies within the discretion of the court to determine whether a preliminary injunction will be granted upon pleadings and affidavits. *Conference*, 256 N.C. at 139-40, 123 S.E. 2d at 626. In exercising its discretion "the court should consider the inconvenience and damage to defendant as well as the benefit that will accrue to the plaintiff." *Id.* at 140, 123 S.E. 2d at 626; *see also Board of Elders v. Jones*, 273 N.C. 174, 182, 159 S.E. 2d 545, 551-52 (1968).

The party moving for a preliminary injunction must offer particular facts supporting its claim of irreparable injury. *Pharr*

*v. Garibaldi*, 252 N.C. 803, 815, 115 S.E. 2d 18, 27 (1960). In reviewing the denial of a preliminary injunction, the appellate court is not bound by the findings of the lower court, *Plastics, Inc.*, 287 N.C. at 235, 214 S.E. 2d at 51; but there is a presumption that the lower court decision was correct, *Conference*, 256 N.C. at 140, 123 S.E. 2d at 627.

Assuming, *arguendo*, that the employment and termination of employment agreements in question are valid and enforceable, and that plaintiff is likely to succeed on the merits at trial, we nevertheless cannot say the trial court abused its discretion in failing to find that plaintiff was threatened with irreparable harm or that its rights needed protection pending trial. The pleadings and affidavits reveal the following:

The complaint alleges that defendant has breached covenants not to compete and not to use confidential information, but suggests no specific ways in which plaintiff has been harmed. Plaintiff offered one affidavit in which the only allegations of harm are the following: "[T]hat defendant has contacted at least nine substantial customers of plaintiff," who together account for ten to fifteen percent of plaintiff's annual sales in the geographical area subject to the covenant not to compete; that "defendant has been soliciting sales and orders of products of others which are directly competitive with products which are manufactured by the plaintiff to meet the particular needs of each such customer"; that these activities are "highly damaging to the plaintiff's sales program . . . and are also leading to damaging confusion by these customers . . . [who] no doubt consider [defendant] to still represent the plaintiff" and that if defendant continues plaintiff will "suffer irreparable damage."

Defendant offered affidavits from employees of five different companies which either purchase or manufacture the type of products plaintiff manufactures. These affidavits allege that the identity of customers who use such products, and their individual product requirements, are readily available to all salesmen in the trade; and that standard industry practice is for customers to deal with several manufacturers and to place orders in response to competitive bids. Further, defendant himself stated by affidavit that he had incurred several thousand dollars in expenses in setting up his own business (admittedly in competition with

plaintiff), including assuming a lease on office space and hiring two employees; and that he would be without a source of income if enjoined from sales activities.

The trial court denied the injunction, reasoning that if defendant

> is restrained from engaging in this business . . . the injury to him will be real and immediate, and he could not be made whole even though he ultimately prevails upon a determination of the merits.
>
> On the other hand, the plaintiff has failed to establish through its evidence the reasonable likelihood of any substantial monetary damage. If the injunction is granted the plaintiff would in effect have prevailed in the action no matter what the final determination might be.

We find no basis in the record for holding that the trial court abused its discretion in so concluding.

Plaintiff argues that *Machinery Co. v. Milholen,* 27 N.C. App. 678, 220 S.E. 2d 190 (1975), is controlling precedent and requires the granting of an injunction here. The court there, however, upheld the granting of a preliminary injunction to restrain the disclosure of confidential information only after finding evidence in the record of detriment to plaintiff. Although factually similar, that case does not dictate the granting of an injunction here. The issue on review is whether there has been an abuse of discretion. A decision by the trial court to issue or deny an injunction will generally be upheld on appeal if there is ample competent evidence to support the decision, even though the evidence may be conflicting and the appellate court could substitute its own findings. *Banner v. Button Corporation,* 209 N.C. 697, 700, 184 S.E. 508, 510 (1936); *see also Studios v. Goldston,* 249 N.C. 117, 119, 105 S.E. 2d 277, 279 (1958). We find the decision here amply supported by the record.

In view of our holding that the trial court did not abuse its discretion in denying the injunction based on inadequate showing of irreparable harm to plaintiff, we deem it unnecessary to discuss plaintiff's further arguments that (1) certain statements offered by defendant to challenge the validity of the termination of employment agreement violate the parol evidence rule,

(2) other statements were either irrelevant or self-serving, and (3) the court erred in finding that plaintiff's customer lists and business methods were not confidential.

Affirmed.

Judge CLARK concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent from the majority. The record shows that the defendant voluntarily entered into a contract with the plaintiff under the terms of which he would not compete with the plaintiff within a certain geographic area and for a prescribed time. The majority does not question the reasonableness of the time and area. He later changed his employment with the plaintiff and for a substantial consideration, he signed a new contract in which he again agreed not to compete within the same area and for the same time. The defendant was not required to sign this contract and I believe it is error for us to say he does not have to abide by it. That will be the effect if the plaintiff is limited to money damages which it may or may not be able to prove, and which it might not be able to collect if it gets a money judgment.

The majority relies on the failure of the plaintiff to show damages. That is one reason I think the injunction should issue. It is difficult to prove damages in this type of case and yet we know the plaintiff could suffer substantial damages. I believe the effect of the majority opinion is to allow the defendant to flaunt the terms of a contract to which he freely assented. This I would not do. I vote to reverse.