SUSAN ELAINE JONES BROWN v. JAMES DAVID BROWN

No. 8718DC1242

(Filed 20 September 1988)

1. **Injunctions § 13— no primary action—preliminary injunction inappropriate**

   The trial court erred in entering a preliminary injunction preventing defendant from discussing his grievances with plaintiff's neighbors, friends, and co-workers, since there was no primary action to which the preliminary injunction could attach.

2. **Husband and Wife § 13— separation agreement—defendant as "defaulting party"—no finding to that effect—no attorney fees for plaintiff**

   The trial court properly denied plaintiff's request for attorney fees based on her contention that defendant materially breached the parties' separation agreement and, by its terms, was responsible as the "defaulting party" for the

payment of attorney fees, since the trial court dismissed plaintiff's cause of action for rescission of the separation agreement based on material breach by defendant; plaintiff did not appeal that ruling; and there was no specific finding of fact by the trial court that defendant violated the separation agreement.

Judge PHILLIPS concurring in the result.

APPEAL by defendant from *William L. Daisy, Judge.* Order entered 22 September 1987 in District Court, GUILFORD County. Heard in the Court of Appeals 31 May 1988.

*Petree, Stockton & Robinson, by W. Thompson Comerford, Jr., Lynn P. Burleson, and Leon H. Lee, Jr., for plaintiff-appellee.*

*White and Crumpler, by G. Edgar Parker and Robin S. Boden, for defendant-appellant.*

BECTON, Judge.

This is a domestic case in which plaintiff, Susan Elaine Jones Brown, sought injunctive and other relief for alleged violations by defendant, James David Brown, of a non-molestation clause contained in the parties' separation agreement. Mr. Brown appeals from the entry of a preliminary injunction prohibiting him from engaging in certain harassing conduct toward Mrs. Brown. We vacate.

I

Mr. Brown and Mrs. Brown were married on 25 November 1982. One child was born to the marriage. They separated on 1 March 1986. On 21 April 1986, the parties entered into a consent order and a separation agreement. The consent order approved a waiver of alimony by Mrs. Brown, awarded child custody and child support to Mrs. Brown, and established visitation privileges for Mr. Brown. The separation agreement detailed the property settlement, included a non-molestation clause, and outlined remedies for breach of the agreement. The separation agreement was not incorporated into the consent order.

On 6 January 1987, Mr. Brown filed a "Motion to Divide Undivided Marital Property and to have Facts Relative to Consent Order Established and Preserved," by which he sought to have the court divide photographs of the minor child and establish for the record certain circumstances existing at the time the consent order was issued.

On 4 February 1987, following a hearing, District Court Judge J. Bruce Morton ordered that Mr. Brown's motions be dismissed, pursuant to Rule 12 of the North Carolina Rules of Civil Procedure, and that Mrs. Brown be awarded attorney fees, pursuant to Rule 11. In his order, Judge Morton made findings of fact and conclusions of law that purported to incorporate by reference the separation agreement, but the judgment portion of the order made no mention of the incorporation. Mr. Brown gave notice of appeal but never perfected his appeal of this order.

Subsequently, on 1 June 1987, Mrs. Brown filed a motion in the cause in which she alleged that Mr. Brown had contacted many of her professional associates as well as her employer, complaining about the visitation privileges and the payment of child support, and questioning Mrs. Brown's fitness for her job. He also contacted Mrs. Brown, threatening her with continued harassing behavior unless she agreed to lower the amount of child support, and he distributed to Mrs. Brown's neighbors, to members of her church, and to her co-workers copies of a "flyer" listing various grievances.

In her motion, Mrs. Brown prayed that the court: (1) hold Mr. Brown in contempt of court for violating the non-molestation clause in the separation agreement; (2) enter a temporary restraining order; (3) enter a preliminary injunction prohibiting him from communicating with Mrs. Brown, her friends and associates, and the minor child; (4) find Mr. Brown's behavior to be a material breach of the separation agreement; (5) rescind both the separation agreement and the consent order, and institute equitable distribution of the marital assets; and (6) award Mrs. Brown reasonable attorney fees. That same day, Judge Morton issued a temporary restraining order and an order to show cause in the contempt proceeding.

On 24 June 1987, Mr. Brown filed a response to Mrs. Brown's motion which included a Rule 12(b)(6) motion to dismiss for failure to state a claim, and on 25 June 1987, a hearing was held before District Court Judge William L. Daisy. On 2 July 1987, Judge Daisy entered an order which, among other things, dismissed Mrs. Brown's motion to hold Mr. Brown in contempt of court and dismissed her motion to invalidate the separation agreement. The court found that neither the order signed and entered on 4 Feb-

ruary 1987 nor any other order in the lawsuit incorporated the separation agreement, and that the terms of the separation agreement thus were not enforceable by contempt of court proceedings. However, the trial court did order that Mrs. Brown's motion for a preliminary injunction enjoining Mr. Brown from communicating with various third parties and from contacting the minor child be heard and determined.

At the hearings, Mr. Brown made motions for dismissal pursuant to Rule 41(b) at the conclusion of Mrs. Brown's evidence and again at the close of all the evidence. Both were denied. On 22 September 1987, Judge Daisy entered an order denying Mrs. Brown's motion for a preliminary injunction prohibiting Mr. Brown from exercising visitation privileges with the minor child, but granting her motion for a preliminary injunction enjoining him from communicating with various third parties under certain conditions. The judge also denied both parties' requests for attorney fees.

Mr. Brown now appeals, arguing that the trial court erred in: (1) signing and entering both the 2 July and the 22 September orders insofar as they relate to the preliminary injunction against communication with Mrs. Brown's friends and associates; and (2) refusing to grant his 12(b)(6) and 41(b) motions to dismiss. He also seeks to appeal Judge Morton's 4 February order as it pertained to his obligation to pay attorney fees.

## II

[1]  Mr. Brown first argues that the trial court erred by ordering a hearing on, and eventually granting, Mrs. Brown's motion for a preliminary injunction preventing him from discussing his grievances with Mrs. Brown's neighbors, friends, and co-workers. Because the 2 July order scheduling the matter for hearing was interlocutory, we confine our consideration to the propriety of the 22 September decision to grant the injunction. Mrs. Brown contends that the preliminary injunction is also an interlocutory order from which Mr. Brown's appeal is premature. However, as the language of the order contemplates no further action by the trial court, we deem it to be a final order for the limited purpose of allowing this appeal.

Mr. Brown challenges the trial court's issuance of the preliminary injunction on five separate grounds. Because we find merit in his first argument, we need not address the remaining four.

Citing *Hutchins v. Stanton*, 23 N.C. App. 467, 209 S.E. 2d 348 (1974), Mr. Brown argues that the trial court erred by granting preliminary injunctive relief because there was no primary action or claim to which the preliminary injunction could attach. In *Hutchins*, plaintiff sought a temporary restraining order and later a preliminary injunction to prevent defendant from interfering with the erection and maintenance of a replacement boundary fence on property leased to the plaintiff. Plaintiff made no other prayer for relief. The trial court granted the temporary restraining order and subsequently issued a preliminary injunction. This Court later vacated the preliminary injunction for lack of a primary claim to which it could attach.

The purpose of a preliminary injunction is to preserve the status quo pending trial on the merits. *Setzer v. Annas*, 286 N.C. 534, 537, 212 S.E. 2d 154, 156 (1975). "The assumption is that a plaintiff seeking a temporary restraining order or a preliminary injunction eventually wants permanent relief." *Hutchins*, 23 N.C. App. at 470, 209 S.E. 2d at 349. "[T]here has to be an action pending to which the temporary injunction can be ancillary." *Id.* at 470, 209 S.E. 2d at 350.

In this case, Mrs. Brown's June motion essentially stated two claims for relief: contempt of court, and rescission of the consent order and separation agreement. Her request for a preliminary injunction could attach to either. There was no prayer for a permanent injunction. However, once the trial court dismissed Mrs. Brown's motions to hold Mr. Brown in contempt and to rescind the separation agreement and consent order, her prayer for a preliminary injunction ceased to be ancillary to any pending cause of action. Mrs. Brown argues, in contradiction to her earlier position, that we should treat the temporary injunction as having the force and effect of a permanent injunction. However, the entry of a permanent injunction would have exceeded the scope of the pleadings. Moreover, the order was denominated a temporary injunction by the trial court, and we may not presume that anything more was intended.

For these reasons, we hold that the trial court erred by issuing the preliminary injunction. Accordingly, that portion of the 22 September order awarding the preliminary injunction is vacated. We do not mean to suggest by this decision that Mr. Brown should be free to engage in harassing conduct toward Mrs. Brown. Mrs. Brown is not without remedy, but she must seek a permanent injunction in a proper way.

### III

· Mr. Brown's arguments concerning the denial of his various motions to dismiss also challenge the trial court's grant of injunctive relief to Mrs. Brown. In light of our resolution of the preceding issue, we need not address these contentions.

### IV

Mr. Brown next contends that the trial court erred in assigning him attorney fees in the 4 February 1987 order. Rule 3 of the North Carolina Rules of Appellate Procedure states that notice of an appeal must be filed within 10 days of entry of judgment. The record does not reflect when, if ever, Mr. Brown gave notice of appeal. Moreover, on 7 May 1987, Judge Morton dismissed the appeal for failure to timely serve his proposed record on appeal. Hence, this issue is not properly before us.

### V

[2] By a cross-assignment of error, Mrs. Brown contends that the trial court erred in denying her attorney fees in the 22 September order. We note that this contention constitutes an attack upon a portion of the trial judge's order and, as such, could only be properly brought before this Court by cross-appeal. *See Stevenson v. N.C. Dept. of Insurance*, 45 N.C. App. 53, 262 S.E. 2d 378 (1980). In any event, Mrs. Brown's position is predicated on a contention that Mr. Brown materially breached the separation agreement and, by its terms, is responsible as the "defaulting party" for the payment of attorney fees. However, the trial court dismissed Mrs. Brown's cause of action for rescission of the agreement based on material breach by Mr. Brown, and Mrs. Brown has not appealed that ruling. Moreover, contrary to Mrs. Brown's contentions, we can discover no specific finding of fact by the trial court that Mr. Brown violated the separation agreement. Conse-

quently, we conclude that the denial of attorney fees to Mrs. Brown was proper.

The preliminary injunction is hereby vacated.

Judge WELLS concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

The simple problems raised by the motions involved in this appeal were inordinately confused by the parties and court inappropriately treating them as though they were complaints or other statements of a claim subject to the requirements of Rule 12, N.C. Rules of Civil Procedure, and by treating the hearings thereon as though they were non-jury trials under the provisions of Rule 41. Except for modifications that might be required by a change of circumstance affecting the welfare of the child or defendant's financial ability, this action for alimony, child custody, and possession of the marital property was resolved by the consent order; and after it was entered, no claim or cause of action was left to either evaluate or try. Defendant's "Motion to Divide Undivided Marital Property" instead of undertaking to state a claim or cause of action, as the plaintiff and the court assumed, was simply a motion for relief from a judgment or order under the provisions of Rule 60; for the order recited that the property of the parties had been finally distributed to their satisfaction and the motion asserted that through mistake the child's pictures had not been divided and that such a division should be made. Rather than decide from the pleadings and the separation agreement whether the motion stated "a claim upon which relief can be granted," the court should have determined from evidence whether a mistake about the pictures had been made. But this error and the equally erroneous finding that followed in its wake—that the motion had no good faith basis and attorney's fees should be awarded plaintiff—is beyond correction since under the circumstances the order was a final one and no appeal was taken within the time designated.