**BEAU RIVAGE HOMEOWNERS ASS'N v. BILLY EARL, L.L.C.**

[163 N.C. App. 325 (2004)]

BEAU RIVAGE HOMEOWNERS ASSOCIATION, Plaintiff v. BILLY EARL, L.L.C. and
CAROLINA GREEN ESTATES, L.L.C., Defendants

No. COA03-307

(Filed 16 March 2004)

1. **Appeal and Error— judicial notice—ordinance not in appellate record**

   An appellate court is not permitted to take judicial notice of a county ordinance not in the appellate record.

2. **Pleadings— amendment denied—issues in pending action**

   The trial court did not abuse its discretion by denying plaintiff's motion to amend its complaint where the issues were at the heart of a pending case. Parties should not be afforded concurrent actions on the same legal arguments.

3. **Injunctions— pleading—prayer for permanent relief—not sufficient**

   Language requesting a temporary restraining order and "such other and further relief as the plaintiff might be entitled" was insufficient to allege a prayer for permanent relief.

Appeal by plaintiffs from order entered 13 August 2002 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 13 January 2004.

*Susan J. McDaniel for plaintiff appellant.*

*Kenneth A. Shanklin and Matthew A. Nichols for defendant appellees.*

TIMMONS-GOODSON, Judge.

The Beau Rivage Homeowners Association ("plaintiff") appeals the order of the trial court denying its Motion to Amend Complaint and Add Additional Parties and granting the motion to dismiss of Billy Earl, L.L.C., and Carolina Green Estates, L.L.C., ("defendants"). For the reasons addressed herein, we affirm the order of the trial court.

The pertinent facts to the instant appeal are as follows: Plaintiff is the homeowners association of what it describes as "a private, upscale residential community" in New Hanover County, North Carolina. On 13 November 2001, Beau Rivage Plantation, Inc. con-

veyed to defendants approximately 2 acres of land. Defendants are not members of the homeowners association.

Fifteen years before Beau Rivage Plantation, Inc. conveyed said property to defendants, a preliminary site plan of Phase I, Beau Rivage Plantation was approved in accordance with the New Hanover County Zoning Ordinances which depicted tennis courts on the property that is now owned by defendants. On 14 March 2002, three months after defendants took title to said property, the Technical Review Committee ("TRC") of the New Hanover County Planning Board approved a preliminary site plan submitted by defendants for the creation of a 32 unit, subsidized housing development. The TRC concluded that defendant "must join the Beau Rivage Homeowners Association for the maintenance of the road, liability insurance, and other expenses incurred with a private development."

Plaintiff appealed the TRC's decision to approve defendants' site plan to the New Hanover County Commissioners ("County Commissioners"), who later affirmed the TRC's decision on 20 May 2002. Plaintiff appealed the County Commissioners' order to the Superior Court. The Superior Court has not rendered judgment in the matter.

After plaintiff appealed to the County Commissioners, plaintiff filed a civil complaint in the Superior Court of New Hanover County praying for a temporary restraining order and a preliminary injunction preventing defendants from using the private roads of Beau Rivage Plantation and prohibiting all activities in furtherance of the development of defendants' land.

On 1 April 2002, Judge Paul Jones entered an order temporarily enjoining defendants' use of plaintiff's private roads for the purpose of accessing defendants' property. Defendants submitted a response in opposition to plaintiff's application for a preliminary injunction and temporary restraining order, which included a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), 12(b)(6), and Rule 17(a). A hearing on plaintiff's motion for a preliminary injunction and restraining order and defendants' motion to dismiss was scheduled for 3 June 2002, but scheduling conflicts within the trial court caused the parties to continue the motion hearing until 3 July 2002.

At the end of June 2002, plaintiff filed a Motion to Amend Complaint and Add Additional Parties pursuant to Rules 15 and 21 of

the North Carolina Rules of Civil Procedure. Defendants filed a response in opposition to plaintiff's motion to amend. On 3 July 2002, the trial court's order enjoining defendants from using the private roads of Beau Rivage Plantation and developing their land expired by its own terms.

On 3 August 2002, the trial court entered an order granting defendants' motion to dismiss and denying plaintiff's motion to amend its complaint and add additional parties. Plaintiff appeals.

---

The issues presented by the appeal are whether the trial court erred by: (1) denying plaintiff's motion to amend its pleading; and, (2) granting defendants' motion to dismiss. For the reasons stated herein, we affirm the order of the trial court.

[1] Before we address the merits of plaintiff's appeal, we note that the record before us is incomplete. The focus of the arguments presented in both briefs on appeal is plaintiff's "failure to exhaust administrative remedies." Generally, defendants argue that plaintiff's amended complaint seeks to circumvent the administrative process provided in the New Hanover zoning ordinances. Plaintiff argues that its amended complaint does not seek to circumvent said ordinances. The New Hanover zoning ordinances are absent from the record on appeal.

This Court must limit its review to the arguments and record presented on appeal. The North Carolina Rules of Appellate Procedure "requires the appellant to include in the record on appeal 'so much of the evidence . . . as is necessary for an understanding of all errors assigned.' " *Hicks v. Alford*, 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003), *quoting* N.C.R. App. P. 9(a)(1)(e) (2003). When no ordinance is presented to the appellate court through the record on appeal, the appellate court is not permitted to take judicial notice of the ordinance if it exists. *See Town of Scotland Neck v. Surety Co.*, 301 N.C. 331, 338, 271 S.E.2d 501, 505 (1980). Thus, our review of the matter herein is limited in form and substance to the information presented on appeal.

[2] We first consider whether the trial court erred by denying plaintiff's motion to amend its complaint and add additional parties. Rule 15(a) of the North Carolina Rules of Civil Procedure provides that after the time for amendment as a matter of right expires, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so

requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2003). A motion to amend is "addressed to the sound discretion of the court, and its decision will not be disturbed on appeal without a clear showing of abuse of discretion." *Patrick v. Williams*, 102 N.C. App. 355, 360, 402 S.E.2d 452, 455 (1991). "Where there is no declared reason for the denial of a motion to amend, an appellate court 'may examine any apparent reasons for such denial.' " *Id.*, *quoting United Leasing Corp. v. Miller*, 60 N.C. App. 40, 43, 298 S.E.2d 409, 411 (1982).

While appearing before this Court, plaintiff is also appearing before the Superior Court to determine the validity of the site plan approval. After reviewing the entire record, it appears that the issues presented in plaintiff's amended complaint are at the heart of the site plan approval pending before the Superior Court. This Court determined in *Swain v. Elfland* that "allow[ing] plaintiff two bites of the apple[] could lead to the possibility that different forums would reach opposite decisions, as well as engender needless litigation in violation of the principles of collateral estoppel." *Swain*, 145 N.C. App. 383, 389, 550 S.E.2d 530, 535 (2001). There is evidence within the record to support the trial court's denial of plaintiff's motion to amend based on the theory that plaintiff should not be afforded concurrent actions of the same legal arguments. *See Swain*, 145 N.C. App. at 389, 550 S.E.2d at 535. Thus, plaintiff has failed to evidence that the trial court abused its discretion by denying plaintiff's motion to amend its complaint.

[3] Plaintiff's second assignment of error asserts that it was error for the trial court to dismiss its complaint. Plaintiff contends that its amended complaint corrects any deficiencies in the original complaint. However, as we determined that the trial court did not err in denying plaintiff's motion to amend its complaint, the question before us is whether the trial court erred in dismissing plaintiff's original complaint.

On appeal from a motion to dismiss, this Court must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). An action may be dismissed for failure to state a claim if no law supports the claim, if sufficient facts to state a good claim are absent, or if a fact is asserted that defeats the claim. *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 517 S.E.2d 406 (1999).

" 'The primary purpose of a temporary restraining order is usually to meet an emergency when it appears that any delay would materially affect the rights of a plaintiff.' " *Hutchins v. Stanton*, 23 N.C. App. 467, 469, 209 S.E.2d 348, 349 (1974), *quoting Register v. Griffin*, 6 N.C. App. 572, 575, 170 S.E.2d 520, 523 (1969). A temporary restraining order "is only an ancillary remedy for the purpose of preserving the status quo or restoring a status wrongfully disturbed pending the final determination of the action." *Hutchins*, 23 N.C. App. at 469, 209 S.E.2d at 349. The process of seeking a temporary restraining order or a preliminary injunction assumes that eventually the moving party wants permanent relief. *Id.; A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983). After a temporary restraining order or a preliminary injunction is granted, it is believed that the case finally will be resolved after a full evidentiary hearing. *Id.*

Plaintiff's original complaint alleges that it will suffer "immediate and irreparable injury, loss, and/or damage" if defendants are not ordered to "refrain, during the pendency of this action, from using the private roads of Beau Rivage Plantation and from activities which constitute development" of defendant's property. Plaintiff further states that "a temporary restraining order and preliminary injunction during the pendency of Plaintiff's action are necessary to prevent Defendants from using the private roads of Beau Rivage Plantation and to prevent Defendants from developing" their land.

Plaintiff's original complaint requests a temporary injunction and "such other and further relief as the Plaintiff might be entitled." However, in *Hutchins*, this Court determined that the phrase "other and further relief as the Court may deem proper" was insufficient to allege a permanent prayer of relief. Therefore, plaintiff's prayer for relief in its original complaint is only of a temporary nature and does not seek permanent relief. *See Hutchins*, 23 N.C. App. at 469, 209 S.E.2d at 349; *Artis & Assocs. v. Auditore*, 154 N.C. App. 508, 510, 572 S.E.2d 198, 199 (2002). Thus, it was proper for the trial court to dismiss plaintiff's original complaint.

For the reasons stated herein, we affirm the order of the trial court.

Affirmed.

Judges WYNN and McCULLOUGH concur.