J. GUY REVELLE, JR., EXECUTOR OF THE ESTATE OF WILLIAM T. CHAMBLEE, JR., PETITIONER V. NELLIE D. CHAMBLEE, WIDOW, JAMES B. CHAMBLEE, AND WIFE, BETTY ANN D. CHAMBLEE, RESPONDENTS

No. COA03-1704

(Filed 18 January 2005)

**1. Appeal and Error— appealability—interlocutory order— preliminary injunction**

Although petitioner's appeal from the trial court's order granting a preliminary injunction restraining petitioner from proceeding with a sale of the pertinent real property belonging to decedent's estate is an appeal from an interlocutory order, it is immediately appealable, because: (1) the merits of the underlying special proceeding between petitioner and respondent were decided by the entry of respondent's default in 1994; and (2) there can be no final order confirming a sale of respondent's allotted portion of the pertinent farm until a sale, which the trial court's order enjoins, is accomplished.

**2. Injunction— preliminary injunction—sale of real property—default**

The trial court erred by granting a preliminary injunction restraining petitioner from proceeding with a sale of the pertinent

real property belonging to decedent's estate, because: (1) respondent did not move to set aside her default even though nearly a decade had passed between its entry and the filing of her motion for a preliminary injunction; (2) there is no current pending injunctive order in either federal suit filed by respondent, one of which has been terminated and the other of which is an entirely separate action to which petitioner is not a party; and (3) the trial court did not have jurisdiction to grant the preliminary injunction since there is no pending litigation between petitioner and respondent regarding petitioner's authority to sell the land, and thus, there is no action to which the ancillary remedy against petitioner may attach.

Appeal by petitioner from an order entered 31 July 2003 by Judge Cy A. Grant in Hertford County Superior Court. Heard in the Court of Appeals 13 September 2004.

*L. Frank Burleson, Jr., for petitioner-appellant.*

*NCABL Land Loss Prevention Project, by Stephon J. Bowens, for respondent-appellee.*

MARTIN, Chief Judge.

William T. Chamblee died testate in December of 1987. At the time of his death, he owned an undivided one-half interest in land known as the Cowan farm, located in Hertford County, North Carolina. His undivided interest was the primary asset in his estate. In his will, Mr. Chamblee left this interest to his wife, the respondent, subject to the debts of his estate. Petitioner was named executor of decedent's estate in January of 1988. During 1988, Mrs. Chamblee and the estate became delinquent in the debt owed on loans from the United States Department of Agriculture Farm Service Administration [FSA].

Alleging that it was in the best interest of the estate to partition the farm and to sell the estate's interest, petitioner filed a petition for actual partition and sale of the Cowan farm on 4 January 1994. The following day respondent was served with the summons and petition by certified mail. She did not file an answer or otherwise appear, and her default was entered on 16 February 1994. An order to partition the property was entered on 29 September 1994 and a final amended report of the commissioners partitioning the property was entered on 31 May 1996. The commissioners' report was confirmed by order entered 17 June 1996.

A sale of respondent's allotted portion of the Cowan farm was ordered, and a resale was ordered for 13 February 1998. Prior to the resale, respondent brought an action in the United States District Court for the Eastern District of North Carolina seeking review of FSA's decision to suspend consideration of her application for loan servicing. Upon her motion, the District Court issued a preliminary injunction enjoining the sale of the land until that action was resolved on its merits. On 12 October 1999, the federal court action was resolved on the merits by the entry of summary judgment in respondent's favor ordering the Secretary of the United States Department of Agriculture to direct the FSA to consider respondent's application for loan servicing. Petitioner in this proceeding was not a party to the federal action, and the order granting summary judgment did not include injunctive relief.

In October 2000, respondent and others filed a class action complaint in the United States District Court for the District of Columbia against the Secretary of the United States Department of Agriculture alleging discrimination against minority and female family farmers. The action sought declaratory relief and compensatory damages, but did not seek injunctive relief. Again, petitioner in this action was not made a party to the federal discrimination action.

On 14 January 2003, the Clerk of Superior Court of Hertford County ordered a resale of the property, and the sale was noticed for 19 February 2003. Respondent sought and obtained a temporary restraining order, and a preliminary injunction was subsequently issued restraining petitioner's sale of the property pending the outcome of the federal discrimination action. Petitioner appeals.

---

[1] Petitioner appeals from an interlocutory order. *See Barnes v. St. Rose Church of Christ*, 160 N.C. App. 590, 591, 586 S.E.2d 548, 549 (2003) (stating that "[a] preliminary injunction is an interlocutory order"). There is no immediate right of appeal from an interlocutory order unless the order affects a substantial right. N.C. Gen. Stat. §§ 1-277(a), 7A-27(d)(1) (2003). A substantial right is one which might be lost if the order is not reviewed before the entry of final judgment in the case. *Action Cmty. Television Broadcasting Network, Inc. v. Livesay*, 151 N.C. App. 125, 129, 564 S.E.2d 566, 569 (2002). Under the unusual circumstances before us in this case, the merits of the underlying special proceeding between petitioner and respondent in which petitioner's right to partition the property and to sell respondent's interest therein were decided by the entry of

respondent's default in 1994. Moreover, there can be no final order confirming a sale of respondent's allotted portion of the Cowan farm until a sale, which the trial court's order enjoins, is accomplished. Thus, we hold the trial court's order granting a preliminary injunction to be immediately appealable.

[2] N.C. Gen. Stat. § 1-485 (2), authorizes the issuance of a preliminary injunction:

> When, during the litigation, it appears by affidavit that a party thereto is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party to the litigation respecting the subject of the action, and tending to render the judgment ineffectual;

N.C. Gen. Stat. § 1-485(2) (2003). A preliminary injunction is an ancillary remedy, not an independent cause of action. *Hutchins v. Stanton*, 23 N.C. App. 467, 469, 209 S.E.2d 348, 349 (1974). It merely "preserve[s] the status quo pending trial on the merits." *State v. School*, 299 N.C. 351, 357, 261 S.E.2d 908, 913 (1980).

Here, there is no on-going litigation between the parties in the courts of this State as required by N.C. Gen. Stat. § 1-485(2) for the issuance of a preliminary injunction. The sale of the property was ordered by default judgment in 1994 due to respondent's failure to answer in the partition action.

> When a defendant fails to timely answer a complaint, an entry of default may be made by the clerk on motion of the plaintiff. G.S. § 1A-1, Rule 55(a). The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint, G.S. § 1A-1, Rule 8(d), and is prohibited from defending on the merits of the case.

*Spartan Leasing v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991). Once a party's default has been established, it may be set aside only for good cause shown. N.C. Gen. Stat. § 1A-1, Rule 55(d) (2003). Respondent did not move to set aside her default even though nearly a decade had passed between its entry and the filing of her motion for a preliminary injunction.

Before the trial court, respondent argued that the partition and sale of the Cowan farm should be stayed pending FSA's resolution of her application for debt servicing and she contended there was a

demonstrable likelihood of success on the merits of the federal discrimination claim, which could result in a settlement large enough to satisfy the debt which necessitated the partition and sale of the property. While we find respondent's circumstances compelling, there is no current pending injunctive order in either federal suit, one of which has been terminated and the other of which is an entirely separate action to which petitioner is not a party.

Because there is no pending litigation between petitioner and respondent regarding the petitioner's authority to sell the land, there is no action to which the ancillary remedy against petitioner may attach and the trial court had no jurisdiction to grant the preliminary injunction. Therefore, the trial court's order granting a preliminary injunction restraining petitioner from proceeding with a sale of the real property belonging to the estate of William T. Chamblee, Jr. must be reversed.

Reversed.

Judges WYNN and HUNTER concur.