JULIE HARRIS AND DUANE HARRIS, PLAINTIFFS v. PINEWOOD DEVELOPMENT CORPORATION, WILLOW CREEK, A LIMITED PARTNERSHIP, RAY RITCHIE, DEFENDANTS

No. COA05-606

(Filed 21 March 2006)

**Judgments— preliminary injunction against transfer of assets—prior to execution**

Where there is no pending litigation, there is no jurisdiction to grant a preliminary injunction, and the trial court here erred by granting a preliminary injunction against the conveyance of land by defendants after plaintiffs had obtained a judgment for unfair and deceptive trade practices. The General Assembly has provided creditors with the means to address problems with the execution of judgments, but only after execution has been returned wholly or partially unsatisfied (N.C.G.S. § 1-352), or the terms of N.C.G.S. § 1-355 are met.

Judge TYSON dissenting.

Appeal by defendant Ray Ritchie from order entered 12 January 2005 by Judge W. Erwin Spainhour in the Superior Court in Rowan County. Heard in the Court of Appeals 8 December 2005.

*Homesley, Jones, Gaines & Dudley, by Mitchell P. Johnson, for plaintiffs.*

*Ferguson, Scarborough & Hayes, P.A., by Edwin H. Ferguson, Jr., for defendant Ritchie.*

HUDSON, Judge.

On 27 August 2004, a jury rendered a verdict for plaintiffs Julie and Duane Harris against defendants for unfair and deceptive trade practices and awarded judgment in the amount of $326,901 plus interest. The court denied plaintiffs' claim for attorney's fees. On 9 November 2004, plaintiffs filed a motion for an *ex parte* temporary restraining order ("TRO") enjoining defendant Ray Ritchie and various non-party entities from conveying interest in various parcels of land held by defendant Pinewood Homes, Inc., as trustee. The court entered a TRO, and on 24 November 2004, plaintiffs moved for a preliminary injunction. Following a hearing, the court granted a preliminary injunction against Ritchie and Pinewood Homes. Defendant Ritchie appeals the order granting the preliminary injunction. As discussed below, we vacate.

This case arose from Ritchie's sale of land to plaintiffs for use as a home site. Plaintiffs alleged that defendant Ritchie concealed the fact that debris had been buried on the property. After obtaining judgment, plaintiffs began the process of execution. In the months following entry of the judgment against him, Ritchie took various actions to transfer and hide various assets of his companies, including transferring his North Carolina corporations to Nevada, transferring the presidency of Pinewood Homes to another person, and submitting a motion stating that Pinewood Homes had virtually no assets. Plaintiffs sought a preliminary injunction to prevent Ritchie and his companies from transferring assets until post-judgment proceedings were completed by satisfaction of the judgment. Ritchie is the only defendant appealing the preliminary injunction.

A preliminary injunction is interlocutory in nature. *A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983); *State v. Fayetteville St. Christian School*, 299 N.C. 351, 261 S.E.2d 908, *appeal dismissed*, 449 U.S. 807 (1980). Thus, issuance of a preliminary injunction cannot be appealed prior to final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order "escape appellate review before final judgment." *Fayetteville St. Christian School*, 299 N.C. at 358, 261 S.E.2d at 913. Defendant Ritchie contends that the preliminary injunction "essentially shut down all business activity" of Ritchie and his companies, thereby affecting a substantial right to be lost. "Our courts have recognized the inability to practice one's livelihood and the deprivation of a significant property interest to be substantial rights . . . ." *Bessemer City Express, Inc. v. City of Kings Mountain,*

155 N.C. App. 637, .640, 573 S.E.2d 712, 714 (2002), *disc. review denied,* 357 N.C. 61, 579 S.E.2d 384 (2003).

Ritchie argues that the trial court erred in granting the preliminary injunction against Ritchie and his non-party companies post-judgment and in denying his motion to dismiss the motion for preliminary injunction. We agree.

Although his brief lists two separate assignments of error and two separate questions presented, defendant Ritchie combines their discussion, and we do the same.

> The purpose of a preliminary injunction is ordinarily to preserve the status quo pending trial on the merits. Its issuance is a matter of discretion to be exercised by the hearing judge after a careful balancing of the equities. Its impact is temporary and lasts no longer than the pendency of the action.

*Fayetteville St. Christian School,* 299 N.C. at 357-58, 261 S.E.2d at 913. N.C. Gen. Stat. § 1-485(2) provides that a preliminary injunction may be issued:

> [w]hen, during the litigation, it appears by affidavit that a party thereto is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party to the litigation respecting 'the subject of the action, and tending to render the judgment ineffectual.

N.C. Gen. Stat. § 1-485(2) (2003). "The assumption is that a plaintiff seeking a temporary restraining order or a preliminary injunction eventually wants permanent relief. [T]here has to be an action pending to which the temporary injunction can be ancillary." *Brown v. Brown,* 91 N.C. App. 335, 339, 371 S.E.2d 752, 755 (1988) (internal citation and quotation marks omitted). Where "there is no pending litigation . . ., there is no action to which the ancillary remedy against petitioner may attach and the trial court had no jurisdiction to grant the preliminary injunction." *Revelle v. Chamblee,* 168 N.C. App. 227, 231, 606 S.E.2d 712, 714 (2005).

In reviewing the ruling on a preliminary injunction, the appellate court is not bound by the findings of the lower court, but there is a presumption that the lower court decision was correct. *A.E.P. Indus., Inc. v. McClure,* 58 N.C. App. 155, 157, 293 S.E.2d 232, 233 (1982), *rev'd on other grounds,* 308 N.C. 393, 302 S.E.2d 754 (1983) (internal citation omitted). A decision by the trial court to issue or deny an

**HARRIS v. PINEWOOD DEV. CORP.**

[176 N.C. App. 704 (2006)]

injunction will generally be upheld on appeal if there is ample competent evidence to support the decision, even though the evidence may be conflicting and the appellate court could substitute its own findings. *Id.* at 158, 293 S.E.2d at 234.

Ritchie contends that the preliminary injunction was improperly entered because it was no longer part of a pending action. He asserts that the proceedings in 00CVS3117 were concluded, in that judgment had been entered. Defendants maintain that supplemental proceedings such as injunctive relief were not yet available because execution had not yet been returned unsatisfied, pursuant to N.C. Gen. Stat. § 1-352, which reads in pertinent part as follows:

> When an execution against property of a judgment debtor, . . . is returned wholly or partially unsatisfied, the judgment creditor at any time *after the return*, . . . is entitled to an order from the court . . . requiring such debtor to appear and answer concerning his property . . . .

N.C. Gen. Stat. § 1-352 (2005). Other remedies are available in N.C. Gen. Stat. § 1-355, which provides as follows:

> Instead of the order requiring the attendance of the judgment debtor, the court or judge may, upon proof by affidavit or otherwise to his satisfaction that there is danger of the debtor leaving the State or concealing himself, and that there is reason to believe that he has property which he unjustly refuses to apply to the judgment, issue a warrant requiring the sheriff of any county where such debtor is to arrest him and bring him before the court or judge. Upon being brought before the court or judge, the debtor may be examined on oath, and, if it appears that there is danger of his leaving the State, and that he has property which he has unjustly refused to apply to the judgment, he shall be ordered to enter into an undertaking, with one or more sureties, that he will, from time to time, attend before the court or judge as directed, and that he will not, during the pendency of the proceedings, dispose of any property not exempt from execution. In default of entering into such undertaking, he may be committed to prison by warrant of the court or judge, as for contempt.

N.C. Gen. Stat. § 1-355 (2005) In light of this statutory language, we conclude that the General Assembly has provided means by which the creditor may address problems with execution, but only after it has been returned wholly or partially unsatisfied, or if the terms of

§ 1-355 are met. We do not see that the legislature has authorized the procedure followed here. The record contains no evidence of other proceedings pending in 00CVS3117 at the time the preliminary injunction was granted. We conclude that the court did not follow the statutory procedures and it erred in granting a preliminary injunction against defendants.

Vacated.

Judge LEVINSON concurs.

Judge TYSON dissents.

TYSON, Judge dissenting.

The majority's opinion vacates the trial court's preliminary injunction barring defendant's transfer of assets subject to satisfying plaintiffs' judgment and holds the court erred when it granted a preliminary injunction against defendants. I respectfully dissent.

## I. Statutory Remedy

The majority's opinion states, "the General Assembly has provided means by which the creditor may address problems with execution, but only after it has been returned wholly or partially unsatisfied, or if the terms of § 1-355 are met." While I agree this statute is an available remedy, it is not exclusive and does not address the issue before us. Plaintiffs filed this action as a "motion in the cause" from which the judgment resulted and sought an equitable remedy of injunction. The trial court possesses inherent power to grant a preliminary injunction to prohibit the fraudulent transfer of assets that are subject to execution for satisfaction of that judgment.

As noted in the majority's opinion, N.C. Gen. Stat. § 1-355 (2005) provides:

> Instead of the order requiring the attendance of the judgment debtor, the court or judge may, upon proof by affidavit or otherwise to his satisfaction that there is danger of the debtor leaving the State or concealing himself, and that there is reason to believe that he has property which he unjustly refuses to apply to the judgment, issue a warrant requiring the sheriff of any county where such debtor is to arrest him and bring him before the court or judge. Upon being brought before the court or judge, the

**HARRIS v. PINEWOOD DEV. CORP.**

[176 N.C. App. 704 (2006)]

> debtor may be examined on oath, and, if it appears that there is danger of his leaving the State, and that he has property which he has unjustly refused to apply to the judgment, he shall be ordered to enter into an undertaking, with one or more sureties, that he will, from time to time, attend before the court or judge as directed, and that he will not, during the pendency of the proceedings, dispose of any property not exempt from execution. In default of entering into such undertaking, he may be committed to prison by warrant of the court or judge, as for contempt.

Nothing in the plain language nor in any precedent cited by defendant or the majority's opinion tends to show N.C. Gen. Stat. § 1-355 is the sole or exclusive method for a court to administer justice to a judgment debtor who threatens to conceal or transfer assets subject to execution post judgment. Nor does the statute evidence any legislative intent to limit the court's inherent power to provide relief to a judgment creditor in the original action upon a showing that the judgment debtor is attempting to fraudulently conceal or transfer assets subject to execution. *See* N.C. Gen. Stat. § 1A-1, Rule 64 ("At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of this State.").

## II. Preliminary Injunction

A preliminary injunction is an equitable remedy, and the trial court, in its discretion, may grant an injunction to protect its judgments and prevent irreparable harm. The United States Supreme Court has stated:

> A court of equity in the exercise of its discretion, frequently resorts to the expedient of imposing terms and conditions upon the party at whose instance it proposes to act. The power to impose such conditions is founded upon, and arises from, the discretion which the court has in such cases, to grant, or not to grant, the injunction applied for. *It is a power inherent in the court*, as a court of equity, and has been exercised from time immemorial.

*Inland Steel Co. v. United States*, 306 U.S. 153, 156, 83 L. Ed. 557, 560 (1939) (citations and internal quotations omitted) (emphasis in original).

Our Supreme Court has stated:

> a court of equity, or a court in the exercise of its equity powers, may use the writ of injunction as a remedy subsidiary to and in aid of another action or special proceeding. However, in such cases, in order to justify continuing the writ until the final hearing, ordinarily it must be made to appear (1) that there is probable cause the plaintiff will be able to establish the asserted right, and (2) that there is a reasonable apprehension of irreparable loss unless the temporary order of injunction remains in force, or that in the opinion of the court such injunctive relief appears to be reasonably necessary to protect the plaintiff's rights until the controversy can be determined.

*Edmonds v. Hall,* 236 N.C. 153, 156, 72 S.E.2d 221, 223 (1952).

This Court has held, to support a grant of preliminary injunction, "[t]he danger sought to be enjoined must be real and immediate. There must be at least a reasonable probability that the injury will be done if no injunction is granted." *Asheville Mall, Inc. v. Sam Wyche Sports World,* 97 N.C. App. 133, 135, 387 S.E.2d 70, 71 (1990) (internal quotations and citations omitted).

Plaintiffs filed this motion in the original cause in which the final judgment was entered to protect themselves against defendant's efforts to fraudulently transfer or remove assets to render execution on the final judgment ineffectual or unsatisfied citing N.C. Gen. Stat. § 1A-1, Rule 65. The trial court agreed and concluded:

> That during the pendency of Plaintiff's post-judgment actions for collection against Ray Ritchie for the amount of their judgment, Ritchie has threatened to remove and dispose of and may already have removed (e.g. by moving the state of incorporation of Pinewood Homes, Inc. to Nevada) and disposed of assets in an attempt to defraud the Plaintiffs (e.g. by making material misrepresentations in Ritchie's Motion to Claim Exemptions).
>
> . . . .
>
> That good cause and the interests of substantial justice and equity compel this Court to freeze any and all transfers and exchanges of assets in which Ray Ritchie has any ownership. That Pinewood Homes, Inc. appears to be in active concert with Ray Ritchie, in his wrongful attempts to avoid accountability for the Judgment against him.

Plaintiffs argue "[t]he threat of irreparable harm . . . is that while they will be entitled to collect damages, they will not be able to collect against their judgment because Ritchie will have stripped himself of the very assets against which the [plaintiffs] are entitled to take." Plaintiffs presented sufficient evidence from which a court could find a "real and immediate" danger that defendant would conceal or transfer assets subject to execution beyond the reach of plaintiff's ability or feasibility to satisfy the judgment against him. *Id.* Defendant's argument that the preliminary injunction, a temporary remedy, "essentially shut down all business activity" is without merit. Defendant holds in his hands control of the resolution of the preliminary injunction—pay the judgment. The trial court's order should be affirmed.

### III.  Conclusion

The trial court, sitting as a court of equity, possesses the inherent authority to protect its judgment and to issue an injunction to prevent a judgment debtor from concealing, removing, or transferring assets that are subject to execution to satisfy that judgment. Nothing in the statute or any precedent abrogates this inherent authority. The trial court did not err when it granted plaintiff's motion for a preliminary injunction. I vote to affirm the trial court's judgment. To hold otherwise would allow the judgment debtor to transfer assets subject to execution beyond the jurisdiction of the court. I respectfully dissent.