**LINCOLN TOWER CORPORATION, a Florida corporation v. RICHTERS' JEWELRY COMPANY, INC., a Florida corporation.**

12 So. (2nd) 452                                    January Term, 1943
March 16, 1943                                           Division B

*Henry D. Williams* and *Alvin Cassell,* for appellant.

*George L. Patterson* and *J. N. Norris,* for appellee.

THOMAS, J.:

In the lower court the pivotal point in controversy was the enforceability of a covenant, which we will presently quote, in a lease executed by appellant, as lessor, and appellee, as lessee. The property was one of a block of stores rented mostly to merchants of national repute and all the leases had a provision similar to, if not identical with, the one under study. Rental paid by a majority of the tenants was computed on a percentage basis, that is, it fluctuated to some degree in proportion to the sale of merchandise.

The particular renter, who is the lessor's adversary in this suit, was informed about the obligation that had been imposed on all tenants in the area to keep open their places of business throughout the year except on certain holidays. The covenant in the instrument to which the litigants were parties follows: "(11) The lessee shall remain open for business [the] year 'round and shall not close excepting on holidays and after ordinary hours for business. It shall be the Lessee's discretion to determine what holidays the Lessee will observe and what business hours the Lessee will keep; but the undertaking of the Lessee to keep open and do business in the demised premises [the] year 'round is an integral part of this lease and one without which this lease would not be made."

It should be stated at the ouset that the master who heard the testimony and made findings of fact and law recognized the stipulation as "valid and binding" and recommended a decree enjoining violation of it upon condition, however, that certain repairs be made to render the building "watertight." The chancellor in his decree declared the covenant "valid" but decided that the mandatory injunction sought in the bill should not be granted. It was his view that the plaintiff "under the circumstances of this case" should be relegated to its remedy at law.

Further to simplify the dispute it may be stated that the appellee does not question the conclusion of the chancellor and the assertion of the appellant that the covenant was a valid one. In this state of the case, then, it seems unnecessary to elaborate on the purpose of such condition so we will devote most of our discussion to the nature of the circumstances to which allusion was made by the court in order to determine whether they were of such force as to relieve the appellee of the obligation of the lease and to justify the chancellor in rejecting the recommendation of the master that appellant should prevail. After determining this point we will then consider the propriety of the master's finding that the restraining order should issue upon condition that the property be repaired by the landlord.

The appellant quite properly applied to a court of equity for relief against a breach of the covenant by the appellee. Thus it could obviate breaches not adequately compensable in a court of law. 32 Am. Jur., Section 216, page 202. It was doubtless actuated by a desire to protect and maintain the character of all the property leased to the appellee and its neighbors. By requiring all lessees to be open for trade continuously the unit fell in the category of a year-round business areas as distinguished from a seasonal one. It was to its advantage also to require compliance with the restriction against closing because, in some of the leases, the income to the landlord depended to a stated degree on the amount of sales made by the tenants. Another purpose in enforcing the covenant was to assure to all of the tenants the advantage of continued business activity because a client or customer of any place of business in the locality was a potential client or customer, at least, of all the others. It was, therefore, important to the landlord, as well as the tenants, that the condition in the leases be observed by each for the benefit of all. The interests of the landlord and its tenants were in this situation inextricably bound together. The principal circumstances which seems from the record to have influenced the chancellor in his opinion was the great trouble experienced by the appellee in securing efficient assistants to operate its mercantile establishment. There is

evidence that appellee made an effort to obtain the services of men experienced in the particular business but the testimony is not convincing that the employment of qualified persons is impossible. In the present stressful times appellee may well be encountering extreme difficulty in engaging those whom he considers suitable to manage or operate the enterprise but this is a hardship that should not be visited upon the appellant and the other lessees.

We disagree with the observation of the chancellor that the appellant should be required to seek his remedy in a court of common law. It appears that it would be impractical, if not impossible, to establish the damage to the lessor, or the lessees, resulting from a breach of the covenant and that the remedy at law would, therefore, not be adequate. For that matter we think that the suit in chancery by the former would have been proper, even though no particular damage could have been shown to have arisen from the violation. Dycus v. Traders' Bank & Trust Co., 52 Tex. Cv. A. 175, 113 S.W. 329, Star Brewery Co. v. Primas, 163 Ill. 652, 45 N.E. 145.

While it is our conclusion that the chancellor should have followed the recommendation of the master that the injunction issue, we do not subscribe his suggestion that it issue only upon condition that the landlord repair the windows of the rented building to prevent leakage from rain. As we have pointed out the adherence on the part of the appellee to the provision of the lease was the concern not only of the landlord but of all the tenants and in this situation such condition precedent for the granting of the injunction should not be imposed. Mancuso, et al., v. Riddlemoser Co., 117 Md. 53, 82 Atl. 1051.

Such a determination of the controversy would not work any injustice upon the appellee. The record shows that all rent payments have been made promptly and the repair of the property, to prevent leakage of rainwater around the windows, could be very easily adjusted and proper credit allowed on the rental to accrue. The testimony taken in the case does not show that it would be impossible to operate the

business in accordance with the covenant before the repairs are made.

No attempt has been made to cancel or rescind the lease; on the contrary the suit was one to enforce its terms.

The decree is reversed with instructions to enter one providing for an injunction against further violation of the covenant in the lease.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.