STATE OF NORTH CAROLINA, EX REL. T. W. BRUTON, ATTORNEY
    GENERAL OF THE STATE OF NORTH CAROLINA, EX REL. JAMES
    YANDELL v. AMERICAN LEGION POST NO. 113 AND KENNETH
    WOOTEN.

(Filed 11 April, 1962.)

**1. Injunctions § 4—**

Ordinarily, injunction will not lie to enjoin the violation of a criminal
statute, since prosecution under the statute is usually an adequate remedy.

**2. Injunctions § 2;   Animals § 7—**

Injunction will not lie to restrain an organization from holding or en-
gaging in a rabbit hunt with sticks when there is no evidence to support
plaintiff's allegations that defendants plan to sponsor or hold such rab-
bit hunts in the future. Further, in this case there is no evidence tend-
ing to show that the activities sought to be enjoined endanger the health,
safety or welfare of the public. G.S. 14-360.

APPEAL by plaintiff from *Crissman, J.,* November Civil Term 1961
of IREDELL.

This action was brought to restrain American Legion Post No. 113
of Harmony, North Carolina, and the defendant Kenneth Wooten,
the Commander of said Post, from engaging in or carrying on any
rabbit hunts, rabbit chases, or rabbit killings wherein such activities
result in the maiming, beating or killing of rabbits by sticks, stones,
or by otherwise cruelly and inhumanely beating, maiming and killing
rabbits in the State of North Carolina.

This action was originally instituted in Mecklenburg County, North
Carolina, by James Yandell, a citizen and resident of said County.

The defendants before filing an answer to the complaint, moved to
remove the case to Iredell County for trial on the grounds that the
convenience of witnesses and the ends of justice would be promoted
thereby; that the defendant American Legion Post No. 113 is an
unincorporated association and the defendant Wooten is a citizen and
resident of Iredell County; and that all witnesses necessary to the
hearing in this matter are residents of Iredell County. The motion
was granted for the convenience of witnesses and in the court's dis-
cretion.

The plaintiff's evidence tends to show that on 17 December 1960
and for one or more years prior thereto the defendant Legion Post
sponsored a rabbit hunt wherein sticks were used to kill rabbits in
the field. The hunt in December 1960 was held on the farm of O. G.
Templeton and other surrounding farms. Dogs were used to jump or
flush the rabbits. Some 75 or 80 people, most of whom were members
of American Legion Post No. 113, participated in the hunt. The hunt

was open to members of the Legion Post and their families. Of those present for the hunt, some 12 or 15 were young men under 18 years of age, including a few who were not over 12 or 15 years of age. These young people under 18 years of age were children of members of the defendant Legion Post. Some of these young men participated in the hunt, others did not. The sticks used to kill the rabbits were principally cut from saplings of one to one and one-half inches in diameter and four to four and one-half feet long. Approximately 35 rabbits were killed in the hunt that lasted some six or seven hours. When a rabbit was flushed and ran out into the circle of hunters, it was usually hit on the head and killed instantly, but if not, the hunter immediately picked up the rabbit and hit it with the hand behind its ears, thereby killing the rabbit within a matter of ten or fifteen seconds after it was first hit. There is no evidence of the use of stones by any participant in connection with the killing of any rabbit on this hunt, and the evidence was also to the effect that no rabbit escaped that was hit by a stick.

These rabbits were used for food; they were barbecued and tickets were sold for the barbecue supper and the proceeds used for the Legion Post's Charity Fund.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Welling, Welling & Meek for plaintiff.*

*C. B. Winberry; R. A. Collier, Sr.; R. A. Hedrick; Johnnie Ray Hendren; Arthur S. Beckham, Jr., for defendant.*

PER CURIAM. The plaintiff contends that the killing of rabbits by the use of sticks is a violation of G.S. 14-360, which statute provides that a violation thereof is a misdemeanor. The statute reads as follows: "If any person shall wilfully overdrive, overload, wound, injure, torture, torment, deprive of necessary sustenance, cruelly beat, needlessly mutilate or kill or cause or procure to be overdriven, overloaded, wounded, injured, tortured, tormented, deprived of necessary sustenance, cruelly beaten, needlessly mutilated or killed as aforesaid, any useful beast, fowl or animal, every such offender shall for every such offense be guilty of a misdemeanor. In this section, and in every law which may be enacted relating to animals, the words 'animal' and 'dumb animal' shall be held to include every living creature; the words 'torture,' 'torment' or 'cruelty' shall be held to include every act, omission or neglect whereby unjustifiable physical pain, suffering or death

is caused or permitted; but such terms shall not be construed to prohibit lawful shooting of birds, deer and other game for human food."

The plaintiff further contends that a rabbit is a "useful beast" within the meaning of the above statute, and that the killing of rabbits in the manner described in the evidence was a violation of the statute. If this be conceded, ordinarily the violation of a criminal statute is not sufficient to invoke the equitable jurisdiction of the court. "There is no equitable jurisdiction to enjoin the commission of a crime." *Hargett v. Bell,* 134 N.C. 394, 46 S.E. 749.

It is important to note that the plaintiff offered no evidence tending to support his allegations that these defendants planned to sponsor future rabbit hunts of the character of which he complains. Certainly, the future health, safety and welfare of the public cannot be endangered by what occurred on previous hunts. Completed acts and past occurrences in the absence of any evidence tending to show an intention on the part of the defendants to sponsor or engage in future rabbit hunts to be conducted in the manner complained of in the plaintiff's complaint, will not authorize the exercise of the court's injunctive power. Furthermore, the plaintiff offered no evidence tending to show that the activities sought to be enjoined endangered the health, safety or welfare of the public. Neither did he offer any evidence or raise any question in the trial below tending to show that a criminal prosecution under G.S. 14-360 is not an adequate remedy if, in fact, the defendants are guilty of a violation of that statute.

The judgment of the court below is

Affirmed.