ASHEVILLE MALL, INC. v. SAM WYCHE SPORTS WORLD, INC.

No. 8928SC353

(Filed 16 January 1990)

**Injunctions § 6 (NCI3d)— breach of lease requiring store to stay open—injunction inappropriate**

The trial court properly granted defendant's motion for summary judgment in plaintiff's action for an injunction restraining defendant from further violation of the terms of a lease where defendant had breached the lease by keeping its store closed during hours which it was required to be open, but there was no evidence that defendant had on any other occasions in the past closed its store or had otherwise displayed any intention to do so in the future in violation of the lease.

**Am Jur 2d, Injunctions §§ 50, 51, 87, 92; Landlord and Tenant § 177.**

APPEAL by plaintiff from order entered 6 January 1989 by *Judge C. Walter Allen* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 22 September 1989.

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Michelle Rippon and Allan R. Tarleton, for defendant-appellee.*

GREENE, Judge.

The plaintiff sought an injunction restraining defendant from further violation of the terms of a lease. The trial court granted defendant's motion for summary judgment.

The trial court's findings of fact, which are not challenged on appeal, are as follows:

ASHEVILLE MALL, INC. v. SAM WYCHE SPORTS WORLD

[97 N.C. App. 133 (1990)]

1. On April 1, 1987 Plaintiff and Defendant entered into an Indenture of Lease whereby Plaintiff leased to Defendant a certain store located in the Asheville Mall Shopping Center in Asheville, North Carolina (hereinafter "the Mall").

2. By the terms of the lease Defendant is to remain open for business during all such days (including Sundays), nights and hours when one or more of the Sears or Belks department stores adjoining the Mall are open for business.

3. The Sears and Belks department stores in the Mall were open for business during the hours of 1:00 p.m. to 6:00 p.m. on July 30, 1988 and from 10:00 a.m. to 9:00 a.m. [sic] on August 1, 2 and 3.

4. Defendant's store at the Mall was closed between the hours of 5:00 p.m. on July 31 and 5:00 p.m. on August 3.

The trial court concluded as follows:

1. Defendant breached the terms of its lease with the Plaintiff on July 31, August 1, 2, and 3.

2. Notwithstanding the Defendant's breach of the lease, Plaintiff is not entitled to injunctive releaf [sic].

---

The issue presented is whether injunctive relief is appropriate in light of a single breach of a lease agreement.

The plaintiff argues that the trial court erred in granting the defendant's motion for summary judgment since defendant breached the lease, and injunctive relief is the only meaningful relief available. The plaintiff cites cases from other jurisdictions for the proposition that the plaintiff should be granted injunctive relief rather than forced to seek monetary damages for the breach since it is nearly impossible to calculate the monetary damages sustained by plaintiff by reason of defendant's closing his business for four days. *See Dover Shopping Center Inc. v. Cushman's Sons, Inc.*, 164 A.2d 785 (N.J. Super. Ct. App. Div. 1960); *Lincoln Tower Corp. v. Richter's Jewelry Co.*, 12 So.2d 452 (Fla. 1943); *Jerrico Inc. v. Washington Nat. Ins. Co.*, 400 So.2d 1316 (Fla. Dist. Ct. App. 1981), *rev. denied*, 411 So.2d 382 (1981).

However, we note that in those cases the breach of the lease was ongoing or repeated, but here we have evidence only of one

isolated breach. We reject plaintiff's argument that defendant's failure to keep its store open for business from July 31 to August 3, 1988 equals four separate and distinct breaches. Rather, the closing is more in the nature of one isolated incident.

Injunctive relief is not available unless irreparable injury is proven and damages are not reasonably obtainable, and it is proper only where the injury is "of such continuous and frequent recurrence that no reasonable redress can be had in a court of law." *Barrier v. Troutman*, 231 N.C. 47, 50, 55 S.E.2d 923, 925 (1949). Furthermore, "acts and practices will not, as a rule, furnish a basis for injunctive relief when they have been discontinued or abandoned before institution of the suit to restrain them, . . . particularly where there is nothing to indicate a probability that they will be resumed . . . ." 42 Am. Jur. 2d *Injunctions* § 5, at 731 (1969). The danger sought to be enjoined must be real and immediate. *See Dorsett v. Group Development Corp.*, 2 N.C. App. 120, 124-25, 162 S.E.2d 653, 656 (1968) (action to restrain an anticipated nuisance). "[T]here must be at least a reasonable probability that the injury will be done if no injunction is granted. . . ." 43 C.J.S. *Injunctions* § 22, at 802 (1978).

A similar situation was presented in *Yandell v. American Legion*, 256 N.C. 691, 124 S.E.2d 885 (1962), where the plaintiff sought an injunction against future rabbit hunts by the defendant who had conducted rabbit hunts in the past "wherein sticks were used to kill rabbits in the field." 256 N.C. at 691, 124 S.E.2d at 885. The Court there concluded:

> Completed acts and past occurrences in the absence of any evidence tending to show an intention on the part of the defendants to sponsor or engage in future rabbit hunts to be conducted in the manner complained of in the plaintiff's complaint, will not authorize the exercise of the court's injunctive power.

256 N.C. at 693, 124 S.E.2d at 886-87.

As there is no evidence in this record that defendant had on any other occasions in the past closed its store or had otherwise displayed any intention to do so in the future in violation of the lease, summary judgment was appropriate. *See Mecklenburg County v. Westbery*, 32 N.C. App. 630, 233 S.E.2d 658 (1977) (summary judgment appropriate where no material issue of fact exists

GREENVILLE BUYERS MARKET ASSOC. v. ST. PETERSBURG FASHIONS

[97 N.C. App. 136 (1990)]

and the movant is entitled to summary judgment as a matter of law).

Affirmed.

Judges EAGLES and PARKER concur.