GEORGE C. LYLES, JR. and wife, BARBARA P. LYLES, Plaintiffs-Appellees,
v.
CLAUDE TURNER and wife, PEGGY CATE TURNER, Defendants-Appellants.
No. COA09-932.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Law Offices of Travis S. Greene, PC, by Travis S. Greene, for Plaintiffs-Appellees.
Hamrick, Bowen, Mebane & Lloyd, LLP, by David A. Lloyd, for Defendants-Appellants.
McGEE, Judge.
George C. Lyles, Jr. and Barbara P. Lyles (Plaintiffs) filed a complaint on 5 May 2008 seeking to enforce certain restrictions contained in a deed to real property owned by Claude and Peggy Cate Turner (Defendants). In their complaint, Plaintiffs alleged claims for: (1) injunctive relief, seeking to enjoin Defendants from operating a bed and breakfast on Defendants' property; and (2) breach of contract, requesting damages not in excess of $10,000.00. Defendants filed an answer and counterclaim on 7 July 2008. Plaintiffs filed an amended complaint on 12 December 2008, adding a claim for declaratory judgment. Plaintiffs then moved for partial summary judgment on the issue of declaratory judgment on 18 March 2009. In an order entered 29 April 2009, the trial court granted Plaintiffs' motion for partial summary judgment as to their claim for declaratory judgment. Defendants appeal.
Defendants contend that the trial court committed reversible error in granting Plaintiffs' motion for partial summary judgment. Before we address Defendants' argument, we must first determine whether this appeal is properly before our Court.
Generally, no appeal lies from an interlocutory order. A.E.P. Industries, Inc. v. McClure, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983). An order is interlocutory when "it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." N.C. Dept. of Transp. v. Page, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted). "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." Liggett Group, Inc. v. Sunas, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) (citation omitted).
A party may appeal from an interlocutory order where that order "[a]ffects a substantial right, or . . . [i]n effect determines the action and prevents a judgment from which appeal might be taken[.]" N.C. Gen. Stat. § 7A-27(d) (2009). N.C.R. App. P. 28(b)(4) provides "[w]hen an appeal is interlocutory, the statement [of grounds for appellate review] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."
Defendants contend that Plaintiffs' other claims "are effectively determined by the [c]ourt's ruling on the issue of declaratory judgment . . . despite the fact that the motion was only for partial summary judgment." Defendants cite no authority and make no further argument in support of this contention.
The matter before us arose out of a dispute between the parties concerning Defendants' operation of a bed and breakfast on their real property. Defendants' deed contained restrictive covenants limiting the use of the property to "single-family residential or agricultural purposes only[.]" In their complaint, Plaintiffs sought to enjoin Defendants from operating a bed and breakfast and sought damages not in excess of $10,000.00. Defendants' counterclaim alleged that Plaintiffs' property is subject to restrictions and that Plaintiffs had violated those restrictions by "allow[ing] and maintain[ing] unsightly and unkept (sic) conditions" on the property.
Plaintiffs' amended complaint contains three claims for relief: (1) Plaintiffs' request for declaratory judgment; (2) Plaintiffs' request for an injunction; and (3) Plaintiffs' claim arising from breach of contract or restrictive covenants. Defendants also filed a counterclaim in addition to their answer, seeking injunctive relief and asserting that Plaintiffs themselves had violated deed restrictions. The trial court's order granting partial summary judgment concerns only Plaintiffs' claim for declaratory judgment. Thus, Plaintiffs' two remaining claims, as well as Defendants' counterclaim, have yet to be determined.
The trial court's order granting partial summary judgment contains the following language:
FINDINGS OF FACT
1. . . . Defendants' property is subject to certain restrictions contained in their deed.
2. . . . Defendants currently operate a bed and breakfast in their home located on the property that is subject to the restrictions.
CONCLUSION OF LAW
The restrictions in . . . Defendants' deed prohibit the operation of a bed and breakfast in . . . Defendants' home.
Defendants' argument that this order "effectively determine[s]" all other issues in the case is without merit. Defendants fail to explain how the trial court's order granting partial summary judgment as to the claim for declaratory judgment affects the further determinations which must be made as to Plaintiffs' claims for injunctive relief and breach of contract. See, e.g., Asheville Mall v. Sam Wyche Sports World, 97 N.C. App. 133, 135, 387 S.E.2d 70, 71 (1990) ("[i]njunctive relief is not available unless irreparable injury is proven and damages are not reasonably obtainable, and it is proper only where the injury is `of such continuous and frequent recurrence that no reasonable redress can be had in a court of law[]'") (citations omitted); Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000) (citations omitted) ("[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract."). Nor do Defendants present any argument as to how the partial summary judgment affects their own counterclaim for injunctive relief against Plaintiffs.
Because "[a] grant of partial summary judgment . . . is an interlocutory order from which there is ordinarily no right of appeal[,]" Liggett Group, 113 N.C. App. at 23, 437 S.E.2d at 677, and Defendants have failed to show that the order "in effect determines the action and prevents a judgment from which appeal might be taken[,]" N.C.G.S. § 7A-27(d)(2), we must dismiss their interlocutory appeal.
Dismissed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).