MANNING v. ANAGNOST

[225 N.C. App. 576 (2013)]

HAROLD MANNING, AS ADMINISTRATOR OF THE ESTATE OF EVANGELINE
REGINA MANNING, PLAINTIFF
v.
DR. JOHN WILLIAM ANAGNOST, DEFENDANT

No. COA12-1030

Filed 19 February 2013

**1. Evidence—testimony—character for truthfulness—opened door—failure to object**

The trial court did not err in a wrongful death case by permitting defendant to introduce the testimony of three witnesses who testified to defendant doctor's character for truthfulness. By calling into question the credibility of defendant, plaintiff opened the door for defendant to present the three witnesses. Although plaintiff further contended that the lay witnesses were not disclosed in defendant's discovery scheduling order, this issue was not preserved because plaintiff did not object at trial.

**2. Evidence—transcript of deposition—unavailable witness—interest of justice**

The trial court did not abuse its discretion in a wrongful death case by allowing defendant to present the transcript of a deposition of an unavailable witness at trial in the interest of justice.

**3. Witnesses—treating physician—lay witness—not required to be admitted as expert**

The trial court did not abuse its discretion in a wrongful death case by concluding that the testimony of decedent's treating physician was permissible even though the doctor had not been admitted as an expert. A treating physician in a medical malpractice action who testifies regarding the care rendered to a patient does not testify as an expert, but as a lay witness. Defendant was not required to tender the treating physician as an expert witness.

**4. Pleadings—answer—allegations denied in answer—refuted at trial—complete medical records not available when answer filed—good faith**

The trial court did not abuse its discretion in a wrongful death case by allowing defendant doctor to refute allegations contained in plaintiff's complaint at trial that he had denied in his answer on the basis of lack of knowledge and information. Defendant had denied certain allegations contained in plaintiff's

complaint in good faith since it was expressly based on the fact that the complete medical records were not available for review at the time the answer was filed.

Appeal by plaintiff from judgment entered 15 March 2012 by Judge William R. Pittman in New Hanover County Superior Court. Heard in the Court of Appeals 9 January 2013.

*Brent Adams & Associates, by Brenton D. Adams for plaintiff-appellant.*

*Walker, Allen, Grice, Ammons & Foy, L.L.P., by Jerry A. Allen, Jr., for defendant-appellee.*

STEELMAN, Judge.

Where plaintiff challenged the credibility of defendant at trial, the trial court did not err in admitting character evidence of defendant's truthfulness. The trial court did not err in allowing defendant to present the deposition of a witness at trial in the interest of justice. Defendant was not required to tender a treating physician as an expert witness. The trial court did not abuse its discretion in holding that defendant had denied certain allegations contained in plaintiff's complaint in good faith.

## I. Factual and Procedural History

Harold Manning (plaintiff) was married to Evangeline Regina Manning (decedent). On 19 September 2007, Dr. John William Anagnost (defendant) saw decedent in his medical office, at which time he instructed her to go immediately to the hospital. Decedent elected to go to choir practice that evening, and went to the hospital the next day, 20 September 2007. At the time that she was admitted to the hospital, decedent was taking Coumadin, which prevents blood clotting.

At 4:15 p.m., plaintiff left decedent's room. When he returned at 5:15 p.m., decedent was not in the room, and someone was mopping blood from the floor. Plaintiff was informed that decedent had fallen, struck her head, and been moved to a room across the hall. Decedent had been found after her fall by Nurse Karen Sullivan, who discovered decedent with injuries and facial swelling. Decedent complained of headaches.

On 21 September 2007, plaintiff received a telephone call from the hospital that his wife was in grave condition, and that he should come to the hospital immediately. Upon arrival, plaintiff was informed that decedent had suffered permanent brain damage from a subdural hematoma, and that her chances of recovery were slight. Decedent was given palliative care until her death on 27 September 2007.

On 24 September 2009, plaintiff filed this action seeking monetary damages for the wrongful death of his wife based upon the negligence of defendant and others. Claims against all of the other defendants were voluntarily dismissed by plaintiff after jury selection. The jury found that the death of plaintiff's decedent was not caused by defendant's negligence. On 15 March 2012, the trial court entered judgment, dismissing plaintiff's claim with prejudice.

Plaintiff appeals.

## II. Character Testimony

[1] In his first argument, plaintiff contends that the trial court erred by permitting defendant to introduce the testimony of three witnesses who testified to defendant's character for truthfulness. We disagree.

### A. Standard of Review

"[W]hether a lay witness may testify as to an opinion is reviewed for abuse of discretion." *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000), *disc. review denied*, 353 N.C. 396, 547 S.E.2d 427-28 (2001).

### B. Analysis

Our Supreme Court has held that "[w]here a party testifies *and the credibility of his testimony is challenged*, testimony that his general character is good is competent and proper evidence for consideration upon the truthfulness of his testimony." *Holiday v. Cutchin*, 311 N.C. 277, 280, 316 S.E.2d 55, 57-58 (1984) (citations omitted). A witness' credibility may be attacked or supported by evidence of reputation or opinion. N.C. R. Evid. 608(a). Evidence of truthful character is admissible once a witness' character for truthfulness has been attacked by opinion or reputation. *Id.*

At trial, plaintiff repeatedly attacked defendant's testimony that he had personally examined decedent on 20 September 2007, following her fall. The trial court conducted a hearing outside of the presence of the jury prior to admitting the testimony of the three

character witnesses. During that hearing, counsel for plaintiff acknowledged that he had accused defendant of not personally performing an examination of decedent on 20 September 2007.

By calling into question the credibility of defendant, plaintiff opened the door for defendant to present the three witnesses who testified as to his character for truthfulness.

Plaintiff further contends that the lay witnesses were not disclosed in defendant's discovery scheduling order. However, because plaintiff did not raise this objection at trial, it is not properly preserved on appeal. *See* N.C. R. App. P. 10(a)(1).

This argument is without merit.

### III.  Admission of Deposition Testimony

[2] In his second argument, plaintiff contends that the trial court erred in permitting defendant to introduce the transcript of the deposition of Dr. George Alsina. We disagree.

### A.  Standard of Review

"On appeal, the standard of review of a trial court's decision to exclude or admit evidence is that of an abuse of discretion. An abuse of discretion will be found only when the trial court's decision was so arbitrary that it could not have been the result of a reasoned decision." *Brown v. City of Winston–Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (2006) (internal quotations and citations omitted).

> The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing, . . . or that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting testimony of witnesses orally in open court, to allow the deposition to be used. . .

N.C. R. Civ. P. 32 (a)(4).

### B.  Analysis

The trial court allowed defendant to introduce Dr. Alsina's deposition transcript into evidence after finding that Dr. Alsina was

unavailable to testify at trial. Plaintiff contends that this was improper under Rule 32 of the North Carolina Rules of Civil Procedure.

Rule 32 provides that a deposition may be used at trial against any party who was present at the taking of the deposition if the witness is at a greater distance than 100 miles from the place of trial, if the party offering the deposition has been unable to procure the attendance of the witness by subpoena, or when circumstances exist to make it desirable, in the interest of justice, to admit the deposition. N.C. R. Civ. P. 32.

In the instant case, Dr. Alsina's office was located in New Hanover County, the county where the case was being tried. Plaintiff contends that, because Dr. Alsina was located within 100 miles, Rule 32 prohibited the use of his deposition at trial. However, we have previously held that a deposition is admissible so long as *one* of the foundational requirements of Rule 32 has been satisfied. *Suarez v. Wotring*, 155 N.C. App. 20, 28, 573 S.E.2d 746, 751 (2002). It is not necessary that Dr. Alsina be over 100 miles away, *and* unable to be procured by subpoena, *and* that justice demands his deposition be admitted; the presence of any one of the three requirements is sufficient.

In the instant case, Dr. Alsina was served with a subpoena both by plaintiff and defendant to appear at the trial of this case. At some point, plaintiff released Dr. Alsina from his subpoena. Dr. Alsina had advised all parties that he would be out of state at a conference during the projected first week of trial. It was agreed that he could go to the conference, since his testimony would not be required until the third week of trial. When plaintiff unexpectedly dismissed the other defendants following jury selection, the trial schedule was accelerated, and Dr. Alsina was still out of state when defendant had to present his evidence. The trial court held that Dr. Alsina's absence was "acquiesced by both parties[,]" and that "in the interests of justice" the deposition could be presented to the jury, "subject to the usual completeness requirements of the rules."

The trial court did not abuse its discretion in ruling that, in the interest of justice, the transcript of Dr. Alsina's deposition could be presented to the jury.

This argument is without merit.

### IV.  Dr. Alsina Was Not Qualified as an Expert Witness

**[3]** In his third argument, plaintiff contends that Dr. Alsina's testimony was impermissible expert testimony, as Dr. Alsina had not been formally admitted as an expert. We disagree.

### A.  Standard of Review

"[W]hether a lay witness may testify as to an opinion is reviewed for abuse of discretion." *State v. Washington*, 141 N.C. App. 354, 362, 540 S.E.2d 388, 395 (2000), *disc. review denied*, 353 N.C. 396, 547 S.E.2d 427-28 (2001).

### B.  Analysis

A treating physician in a medical malpractice action who testifies regarding the care rendered to a patient does not testify as an expert, but as a lay witness. *Turner v. Duke Univ.*, 325 N.C. 152, 167-68, 381 S.E.2d 706, 715-16 (1989). In the instant case, Dr. Alsina was a treating physician for decedent. His testimony was lay testimony, and defendant was not required to tender him as an expert witness.

This argument is without merit.

### V.  Effect of Defendant's Denials in Answer

**[4]** In his fourth argument, plaintiff contends that the trial court erred in allowing defendant to refute allegations contained in plaintiff's complaint that he had denied in his answer on the basis of lack of knowledge and information. We disagree.

### A.  Standard of Review

"It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988); *see also White*, 312 N.C. at 777, 324 S.E.2d at 833 ("A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision.").

### B. Analysis

Rule 8 of the North Carolina Rules of Civil Procedure specifically provides that if a party is "without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." N.C. R. Civ. P. 8(b). A denial or qualification of an averment must be made in good faith. One not made in good faith may be stricken. *WXQR Marine Broadcasting Corp. v. Jai, Inc.*, 83 N.C. App. 520, 521, 350 S.E.2d 912, 913 (1986).

In the instant case, defendant denied certain allegations contained in plaintiff's complaint based on "lack of knowledge and information." This denial was expressly based on the fact that the complete medical records were not available for review at the time the answer was filed. Plaintiff contends that this denial was in bad faith, and that defendant was estopped from refuting these allegations at trial.

The trial court held that defendant's denial of the allegations contained in plaintiff's complaint was made in good faith, and that this did not preclude him from responding to plaintiff's allegations at trial. The trial court did not abuse its discretion in making this ruling.

This argument is without merit.

NO ERROR.

Judges STEPHENS and McCULLOUGH concur.