IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1369

Filed: 6 December 2016

Cumberland County, Nos. 14 CVS 8787, 14 CVS 8791-92

TETRA TECH TESORO, INC., Plaintiff,

v.

JAAAT TECHNICAL SERVICES, LLC, RICKEY B. BARNHILL, and CLYDE E. CUMMINGS, II, Defendants.

Appeal by defendants from orders entered 6 May 2015, 16 July 2015 and 10 September 2015 by Judge Mary Ann L. Tally in Cumberland County Superior Court. Heard in the Court of Appeals 26 April 2016.

> *Vandeventer Black LLP, by David P. Ferrell and Kevin A. Rust, for plaintiff-appellee.*
>
> *Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Walter L. Tippett, Jr. and Charles E. Coble, and DurretteCrump PLC, by Wyatt B. Durrette, Jr. and J. Buckley Warden IV, for defendants-appellants.*

DIETZ, Judge.

This case came to the Court of Appeals posing as a complicated construction law dispute raising novel issues concerning who owns portions of the Fort Bragg military installation and whether the parties are covered by North Carolina law or instead by the federal laws that apply at Fort Bragg. The parties' appellate briefs deal exclusively with the merits of these contract, venue, and choice-of-law issues.

Unfortunately, this Court cannot reach these issues because the appeal also is plagued by jurisdictional problems stemming from the way in which it was appealed. Specifically, Appellant JAAAT Technical Services challenges a series of decisions by the trial court reaching all the way back to a preliminary injunction order, but the only orders from which JAAAT timely appealed are a motion seeking to modify certain language in the preliminary injunction, and a contempt order and corresponding sanctions order.

As explained below, even if styled as a "Rule 59" motion, a pretrial motion to modify a preliminary injunction does not toll the time in which to appeal the underlying preliminary injunction order. This Court has held that Rule 59 of the Rules of Civil Procedure, which governs motions to alter or amend a judgment, only applies to post-trial motions, and that holding is confirmed by the plain text of Rule 59. Moreover, separate provisions in Rule 54(b) and Rule 62(c) permit parties to move to modify a preliminary injunction at any time, even while the case is on appeal. Thus, the underlying purpose of Rule 59 and its corresponding tolling provision in the appellate rules is unnecessary in this context—a fact the drafters of the rules understood. In short, our review in this appeal is limited to the denial of the motion to modify the preliminary injunction because the appeal from the underlying preliminary injunction order is untimely.

We affirm the denial of that motion to modify, which is subject to a broad abuse-of-discretion standard of review. But we reverse the trial court's contempt and sanctions orders that came after JAAAT appealed the denial of its motion to modify. Once JAAAT appealed, the trial court was divested of jurisdiction over the order from which it appealed and all matters "embraced therein." N.C. Gen. Stat. § 1–294. Under long-standing precedent from our Supreme Court, the appeal prevented the trial court from conducting a contempt proceeding or imposing sanctions for violation of the injunction. *See Joyner v. Joyner*, 256 N.C. 588, 591, 124 S.E.2d 724, 726–27 (1962). Accordingly, we vacate the trial court's contempt orders and corresponding sanctions.

## Facts and Procedural History

Defendant JAAAT Technical Services, LLC was the general contractor on three construction projects located at Fort Bragg. JAAAT is a Virginia limited liability company. Defendants Rickey B. Barnhill and Clyde Cummings are employees of JAAAT.[1]

JAAAT subcontracted its Fort Bragg projects to Plaintiff Tetra Tech Tesoro, Inc. Tesoro is a Virginia corporation. All of the contracts between JAAAT and Tesoro contain a forum selection clause requiring any disputes over the contracts to be litigated in Virginia.

---

[1] For ease of reference, this opinion refers to all Defendants collectively as JAAAT.

On 21 November 2014, Tesoro filed three complaints against JAAAT in Cumberland County Superior Court. The complaints contained various claims concerning payment for work on the Fort Bragg projects. Tesoro alleged that JAAAT failed to pay it in full for the subcontract work performed, and that JAAAT had misappropriated project funds.

JAAAT and Tesoro also contracted for similar work at U.S. military installations in other states, and similar disputes arose with respect to those projects. After Tesoro sued JAAAT in Cumberland County, JAAAT sued Tesoro in federal district court in Virginia in an action that also included the parties' claims concerning the other military bases outside North Carolina. During this appeal, the federal court in Virginia held that it has jurisdiction over that larger, more complete action and declined Tesoro's request to dismiss that action. *JAAAT Tech. Servs., LLC v. Tetra Tech Tesoro, Inc.*, No. 3:15cv235, 2016 WL 1271039 (E.D. Va. Mar. 29, 2016).

On 15 December 2014, in the Cumberland County action, Tesoro moved for a temporary restraining order and preliminary injunction that would require JAAAT to segregate funds related to the construction projects and not to pay those funds out without court approval. On 5 January 2015, JAAAT moved to dismiss Tesoro's claims based on the forum selection clause in the contracts at issue. The trial court granted the TRO and held a series of hearings.

The proper venue for this dispute was the key legal issue in these hearings. Under a relatively recent North Carolina statute, North Carolina courts cannot enforce a forum selection clause like the one in the parties' contracts. N.C. Gen. Stat. § 22B–2. But in a federal enclave, such as Fort Bragg, courts apply a special form of federal law that incorporates only the North Carolina law in existence when the federal enclave is created. Thus, the central issue in determining the proper venue for this dispute was whether the projects at Fort Bragg actually were on property that was part of a federal enclave and thus governed by federal law that does not include this recently enacted North Carolina statute.

On 6 May 2015, the trial court entered an order denying JAAAT's motion to dismiss and granting Tesoro's motion for a preliminary injunction. The preliminary injunction required JAAAT "to hold in escrow and . . . not disburse or distribute any funds or monies . . . received . . . from the federal government on the Projects to any person(s) or entity(s) other than Plaintiff." It also required JAAAT to provide accountings to Tesoro of "monies received from the federal government on the Projects and the disbursement or other disposition of those monies."

On 21 May 2015, JAAAT moved to modify the preliminary injunction, purportedly under Rules 59 and 60 of the North Carolina Rules of Civil Procedure, on the ground that the preliminary injunction prevented JAAAT from paying its

subcontractors and other innocent third parties who performed work on the project and were owed payment for their work.

On 27 May 2015, Tesoro moved for contempt, alleging that JAAAT had disbursed funds and failed to provide accountings in violation of the preliminary injunction order. In response to that motion, JAAAT continued to insist that the case was governed by federal law and that venue was proper only in Virginia.

On 7 July 2015, the trial court held a hearing on JAAAT's motion to modify the preliminary injunction order. On 16 July 2015, the court rejected JAAAT's motion to modify the preliminary injunction in the specific manner JAAAT requested, but entered an order modifying the injunction to allow the federal government to make payments to the project surety, who in turn could pay subcontractors. That same day, the trial court entered an order instructing JAAAT to "appear and show cause . . . why they should not be held in contempt of court."

On 20 July 2015, JAAAT filed a notice of appeal from the 16 July 2015 order denying JAAAT's motion to modify the preliminary injunction. JAAAT's notice of appeal also indicated that JAAAT appealed from the trial court's original 6 May 2015 preliminary injunction order on the ground that the time to appeal that order was "tolled" by its motion to modify, which purportedly was filed under Rules 59 and 60.

On 27 July 2015, Tesoro moved to dismiss JAAAT's counterclaims with prejudice as a sanction under North Carolina Rule of Civil Procedure 41(b) for non-

compliance with the preliminary injunction. The court held a joint contempt hearing and hearing on Tesoro's motion to dismiss JAAAT's counterclaims on 17 August 2015 and, on 10 September 2015, issued orders holding JAAAT in contempt for violating the preliminary injunction and dismissing JAAAT's counterclaims with prejudice as a sanction. JAAAT timely appealed those orders on 18 September 2015.

## Analysis

### I.    Appeal from the Preliminary Injunction Order

We begin our analysis by examining JAAAT's appeal from the underlying preliminary injunction order. The trial court entered that order on 6 May 2015 and JAAAT appealed it on 20 July 2015, well past the thirty-day jurisdictional deadline to appeal.

JAAAT argues that when it timely filed its Rule 59 motion to alter or amend the preliminary injunction on 21 May 2015, that motion tolled the time to file a notice of appeal. And, indeed, Rule 3(c)(3) of the Rules of Appellate Procedure states that "if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion." N.C. R. App. P. 3(c)(3).

But Rule 59, by its plain terms, does not apply to an interlocutory, pretrial order like the preliminary injunction order in this case. Rule 59(a) states:

> (a)    Grounds.—A new trial may be granted to all or any
> of the parties and on all or part of the issues for any of the

following causes or grounds:

(1)     Any irregularity by which any party was prevented from having a fair trial;

(2)     Misconduct of the jury or prevailing party;

(3)     Accident or surprise which ordinary prudence could not have guarded against;

(4)     Newly discovered evidence material for the party making the motion which he could not, with reasonable diligence, have discovered and produced at the trial;

(5)     Manifest disregard by the jury of the instructions of the court;

(6)     Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

(7)     Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;

(8)     Error in law occurring at the trial and objected to by the party making the motion, or

(9)     Any other reason heretofore recognized as grounds for new trial.

On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

N.C. R. Civ. P. 59(a).

All of the enumerated grounds in Rule 59(a), and the concluding text addressing "an action tried without a jury," indicate that this rule applies only after

a trial on the merits or, at a minimum, a judgment ending a case on the merits. This is no surprise, as the express purpose of Rule 59(a) is to seek "a new trial." A preliminary injunction hearing, by definition, is not a trial. It is a hearing intended to secure preliminary relief to avoid irreparable harm that might occur while the case is decided on the merits. *See A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983).

Relying on the plain text of Rule 59, several decisions of this Court have held that Rule 59 only applies to "post-trial motions" and cannot be used to alter an interlocutory order made before a trial on the merits. *See Bodie Island Beach Club Ass'n, Inc. v. Wray*, 215 N.C. App. 283, 294, 716 S.E.2d 67, 76 (2011); *TD Bank N.A. v. Eagles Crest at Sharp Top, LLC*, No. COA15-807, 2016 WL 4367257, at *1 (N.C. Ct. App. Aug. 16, 2016) (unpublished) (holding that "Rule 59 is not a valid means to challenge pretrial orders").

This brings us to Rule 59(e). Rule 59(e) is titled "Motion to alter or amend a judgment" and states that "[a] motion to alter or amend the judgment *under section (a) of this rule* shall be served not later than 10 days after entry of the judgment." N.C. R. Civ. P. 59(e) (emphasis added). The text of this rule indicates that it applies, like Rule 59(a), only to final judgments, not to pretrial rulings.

Our interpretation of Rule 59(e) is bolstered by federal court decisions that address the similarly worded provision in Rule 59(e) of the Federal Rules of Civil

Procedure. This Court has long held that federal decisions interpreting the federal rules are persuasive authority when interpreting similar state rules. *See*, *e.g.*, *Crowley v. Crowley*, 203 N.C. App. 299, 305, 691 S.E.2d 727, 732 (2010). Federal courts have held that Rule 59(e) is "applicable only to a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). This is significant because Rule 59(e) of the Federal Rules of Civil Procedure arguably is broader than our State's counterpart: it permits a motion to "alter or amend a judgment" generally, unlike the State rule, which limits its application to a "motion to alter or amend the judgment under section (a) of this rule." *Compare* Fed. R. Civ. P. 59(e), *with* N.C. R. Civ. P. 59(e). If anything, this reinforces our conclusion that the State rule cannot reasonably be interpreted to cover interlocutory, pretrial orders.

This conclusion is further confirmed by the text of Rule 54(b). Rule 54 draws a distinction between final judgments and interlocutory rulings: "A judgment is either interlocutory or the final determination of the rights of the parties." N.C. R. Civ. P. 54(a). Rule 54(b) then describes the types of rulings that can be considered "final judgments" and states that "in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." N.C. R. Civ. P. 54(b). As the federal courts have observed, this language in Rule 54(b) is the source of authority for what litigants typically refer to as "motions

to reconsider." *See, e.g.*, *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005). Thus, if we were to apply the narrow Rule 59(e) standard for altering a judgment to pretrial, interlocutory orders, it would clash with the language of Rule 54(b), which grants broader discretion to trial courts to amend their interlocutory orders before entry of a final judgment.

Moreover, the key reason a party might desire to apply Rule 59(e) to a pretrial ruling—the tolling of the time to appeal until the motion is ruled upon—is inapplicable here. Ordinarily, once a party appeals from a judgment, it divests the trial court of jurisdiction over all matters embraced by the order appealed. *See* N.C. Gen. Stat. § 1–294. Thus, without the tolling provision in Rule 59, litigants would be forced either to immediately appeal a final judgment and forgo post-trial motions (over which the trial court would lack jurisdiction following the appeal) or to risk the time to appeal the original judgment expiring while awaiting a ruling on the post-trial motion. But this dilemma does not exist in appeals from preliminary injunction orders because Rule 62(c) of the Rules of Civil Procedure permits the trial court to modify a preliminary injunction even while an appeal is pending.

Likewise, a preliminary injunction order is immediately appealable only if the order affects a substantial right. *VisionAIR, Inc. v. James*, 167 N.C. App. 504, 507, 606 S.E.2d 359, 361 (2004). Thus, it makes sense that litigants would be expected to immediately appeal the underlying injunction order and then file a motion to modify

under Rule 62(c) if necessary because, for the preliminary injunction order to be appealable at all, it must be so damaging to the aggrieved party that it satisfies the substantial right test.

Finally, there are strong policy reasons for interpreting Rule 59 according to its plain text. The Rules of Civil Procedure are enacted by our General Assembly, often following careful review by experts in the Bar. It undermines the purpose of the rules if the appellate courts expand their meaning beyond the written text, forcing litigants to research case law or consult treatises to fully understand the procedures that apply in civil actions.

In sum, we reaffirm our holdings in *Bodie Island* and *TD Bank* that Rule 59, by its plain terms, does not apply to interlocutory, pretrial orders. Accordingly, we lack jurisdiction to review JAAAT's appeal from the preliminary injunction order because JAAAT did not appeal that order within thirty days and its motion to modify the preliminary injunction order, purportedly brought under Rules 59 and 60 of the Rules of Civil Procedure, did not toll the time to appeal.

## II.    Appeal from the Denial of Motion to Modify the Injunction

JAAAT next challenges the trial court's denial of its motion to alter or amend the preliminary injunction to permit JAAAT to pay certain third-party contractors.

Importantly, that preliminary injunction did not merely maintain the status quo during the litigation; instead, it forced JAAAT to place funds it received from an

ongoing construction project in a separate account and severely restricted JAAAT's ability to use those funds to continue its operations. Indeed, even after the trial court modified the injunction by permitting the United States to pay the project surety, who in turn could pay certain vital third parties, the injunction prohibited JAAAT from using any funds it received to pay for its own operations. This Court has held that a preliminary injunction affects a substantial right where the injunction would prevent the defendant from continuing to conduct its business during the pendency of the action. *See Harris v. Pinewood Dev. Corp.*, 176 N.C. App. 704, 705, 627 S.E.2d 639, 641 (2006); *Precision Walls, Inc. v. Servie*, 152 N.C. App. 630, 635, 568 S.E.2d 267, 271 (2002). Under *Harris* and *Precision Walls*, the preliminary injunction in this case satisfies the substantial rights test. We thus have appellate jurisdiction to review this interlocutory order.

This Court reviews the denial of a motion to modify an injunction for abuse of discretion. *Wachovia Bank, Nat. Ass'n v. Harbinger Capital Partners Master Fund I, Ltd.*, 201 N.C. App. 507, 516, 687 S.E.2d 487, 493 (2009). A trial court abuses its discretion when its decision is so arbitrary that it cannot be the result of a reasoned decision. *Manning v. Anagnost*, 225 N.C. App. 576, 579, 739 S.E.2d 859, 861 (2013).

In the trial court, JAAAT argued that the interests of justice and equity required modification of the preliminary injunction so that JAAAT could pay its subcontractors, thereby avoiding "breach of ongoing contracts with innocent, third-

party subcontractors" and possible violations of federal law requiring prompt payment to subcontractors on federal government projects. JAAAT asked the trial court to modify the language of the injunction to provide that it only applies to funds "received by JAAAT as payment by the federal government for work performed by Tesoro" and that it does not "apply to funds received by JAAAT after the last pay application that included Tesoro's work."

The trial court's order reflects its careful consideration of this argument. The trial court modified the injunction to permit the United States to pay the project surety, who in turn could use those funds to pay subcontractors and suppliers on the project. Limiting our review solely to the motion to modify the injunction, and not to the underlying merits of the injunction itself, we find no abuse of discretion in the trial court's denial of JAAAT's requested modifications to the preliminary injunction.

## III. Appeal from Contempt Orders

Finally, JAAAT challenges the trial court's orders holding it in contempt and imposing sanctions for violating the preliminary injunction order.

These orders, like all the other orders in this appeal, are interlocutory. But this Court generally has concluded that a contempt order and corresponding sanctions for violating a court order or injunction affect a substantial right and are immediately appealable. *Wilson v. Wilson*, 124 N.C. App. 371, 375, 477 S.E.2d 254,

256 (1996). Under *Wilson*, the challenged orders in this case are immediately appealable.

JAAAT argues that the contempt sanctions were improper on the merits, but we need not address these arguments because the trial court lacked jurisdiction to conduct a contempt proceeding and impose sanctions. In *Joyner*, our Supreme Court held that, because an appeal divests the trial court of jurisdiction over the subject matter of the order from which the appeal is taken, a trial court lacks the power to hold a party in contempt for violating an order that is the subject of a pending appeal. 256 N.C. at 591, 124 S.E.2d at 727. The Supreme Court cautioned that "taking an appeal does not authorize a violation of the order. One who willfully violates an order does so at his peril. If the order is upheld by the appellate court, the violation may be inquired into when the case is remanded to the superior court." *Id*.

After *Joyner*, the General Assembly enacted the Rules of Civil Procedure, which authorize a trial court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal" from a preliminary injunction. N.C. R. Civ. P. 62(c). But the Rules of Civil Procedure do not authorize the trial court to conduct contempt proceedings while an appeal is pending, and thus we conclude that *Joyner* is still binding on this Court.[2]

---

[2] The General Assembly recently amended N.C. Gen. Stat. § 1–294 and the statute now permits the Supreme Court, through the Rules of Appellate Procedure, to create exceptions to the general rule that an appeal divests the trial court of jurisdiction to proceed with trial matters embraced by the

Accordingly, we vacate the trial court's contempt order and corresponding sanctions order for lack of jurisdiction.[3]

## IV.  Proceedings on remand

We leave it to the trial court, on remand, to determine how to proceed with this contentious litigation.  The United States District Court for the Eastern District of Virginia has held (correctly, in our view) that if the disputed construction project took place on a federal enclave, then federal law applies.  *JAAAT Tech. Servs., LLC*, 2016 WL 1271039, at \*4.  Federal enclave law incorporates state law in effect at the time the land becomes part of the federal enclave but not "future statutes of the state" enacted afterward.  *James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 100 (1940).  This almost surely means that, if the construction project at Fort Bragg is on a federal enclave, the relatively recent North Carolina statute prohibiting enforcement of the parties' forum selection clause would not apply.

This case involves sophisticated parties who contracted for work on projects at U.S. military installations across the country and agreed in those contracts to litigate

---

order appealed.  *See* N.C. Sess. Law 2015–25, § 2.  The Supreme Court has not yet amended the Rules of Appellate Procedure in response to this statutory change.

[3] This Court recently held that there is an exception to the *Joyner* rule: "a trial court properly retains jurisdiction over a case if it acts reasonably in determining that an interlocutory order is not immediately appealable." *SED Holdings, LLC v. 3 Star Prop., LLC*, __ N.C. App. __, __, __ S.E.2d __, __ (2016).  The analysis in *SED Holdings* turned on the fact that the injunction at issue merely maintained the status quo.  That is not the case here.  This injunction was a mandatory one; it forced a business to segregate its funds, imposed controls on the business's operations, and forced the business to conduct an accounting and provide the results of that accounting to the opposing party.  Thus, when JAAAT appealed the denial of its motion to modify that injunction, the trial court was divested of jurisdiction to enforce it.

their disputes in Virginia. The federal district court in Virginia is hearing a more comprehensive action that includes not only the claims asserted in this action (or which could be asserted in this action) but also all claims from these other jurisdictions. Moreover, on the record before us, it appears the only evidence presented to the trial court (thus far) on the question of whether this project took place on a federal enclave is the affidavit of a surveyor who did not even visit the site.

We are mindful that the trial court has broad discretion to control the course of proceedings below.[4] But we wonder whether, in the interests of justice, the parties ought to be permitted to conduct discovery and present evidence to the court through which the central question in this case—who owns the land on which the projects took place—can be answered. For example, it seems likely that the United States government would know whether buildings purportedly constructed at "Fort Bragg" were constructed on land that is owned by the United States or that is owned by someone else.

Before the parties in this action pursue multiple, costly parallel suits in parallel jurisdictions, at considerable waste of judicial resources, it might be sensible

---

[4] The trial court's preliminary injunction order also stated that JAAAT "waived" and was "equitably estopped" from asserting its venue arguments. There is little, if any, support for these conclusions. In any event, after the trial court entered its preliminary injunction order, the federal district court in Virginia disagreed with the trial court's analysis of "judicial" versus "legislative" jurisdiction on a federal enclave (again, correctly, in our view) and held that a more complete action could proceed in that court. This changed circumstance authorizes the trial court to reconsider its earlier waiver and estoppel rulings.

for the trial court to permit the parties to conduct discovery and then present the court with evidence from which it can determine whose law applies at the site of these projects and thus whether the forum selection clause is enforceable or not.

**Conclusion**

We dismiss the appeal from the trial court's 6 May 2015 order for lack of appellate jurisdiction. We affirm the trial court's 16 July 2015 order denying JAAAT's motion to alter or amend the preliminary injunction. We vacate the trial court's 10 September 2015 orders holding JAAAT in contempt and imposing corresponding sanctions.

DISMISSED IN PART; AFFIRMED IN PART; VACATED IN PART AND REMANDED.

Judge STROUD concurs.

Judge BRYANT concurs in result only.